[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10670
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 3, 2008
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 07-00080-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY JOE GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 3, 2008)**

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Randy Joe Gonzalez pleaded guilty to conspiracy to

possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846. The offense carried a statutory mandatory minimum sentence of 120 months' imprisonment. As part of the plea agreement, the government promised to recommend a sentence within the guidelines range, to consider a reduction for substantial assistance under U.S.S.G. § 5K1.1, and to move for a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The government further agreed that it would not oppose Gonzalez's request for a sentence below the statutory mandatory minimum under the safety-valve provisions. The plea agreement also contained a waiver-of-appeal provision barring Gonzalez from appealing the sentence imposed except in circumstances not applicable here.

At sentencing, the government indicated that Gonzalez's assistance to that point did not warrant a reduction and thus any § 5K1.1 reduction was not ripe for consideration. The government noted that it would re-evaluate whether to file a motion in the future based on information received from Gonzalez. The court then determined the adjusted offense level to be 29, the criminal history category to be II, and the applicable guidelines range to be 120 to 121 months' imprisonment due to the mandatory minimum sentence. The court's calculations included a reduction for acceptable of responsibility. Gonzalez, however, never requested a reduction

under the safety-valve provision. The court imposed the mandatory minimum sentence of 120 months' imprisonment. Gonzalez made no objections to the sentence imposed.

On appeal, Gonzalez argues that the government breached the plea agreement by making sentencing recommendations inconsistent with the agreement and failing to move for a reduction for acceptance of responsibility. He further contends the court was not bound by the mandatory minimum sentence because the guidelines are advisory.

Generally, we review de novo whether the government has breached a plea agreement. United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir.), cert. denied, 129 S.Ct. 288 (2008). Because Gonzalez failed to raise this issue before the district court, however, we review any breach for plain error. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008). Under plain error review, "there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Here, the government did not breach the plea agreement. All of the government's recommendations were consistent with the plea agreement, and Gonzalez in fact received a three-level reduction under § 3E1.1. Moreover, the

3

decision not to file a § 5K1.1 motion is within the prosecutor's discretion and is not subject to review unless the decision was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-186 (1992). There was no such unconstitutional motive in the instant case. Furthermore, Gonzalez's challenge to his sentence is barred by the plea agreement's valid sentence appeal waiver.[1] See United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).

Finally, there is no merit to Gonzalez's argument that the court was not bound by the statutory mandatory minimum sentence. Notably, Gonzalez did not request a safety-valve reduction. And even if he had, he was ineligible due to his criminal history. See U.S.S.G. § 5C1.2(a)(1). Moreover, this court has repeatedly held that district courts are bound by mandatory minimum sentences even though the sentencing guidelines are advisory. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005)

For the foregoing reasons, we affirm Gonzalez's sentence.

**AFFIRMED.**

---

[1] Gonzalez does not argue – cannot show – that the waiver was entered into involuntarily. See Weaver, 275 F.3d at 1333. In fact, he concedes that he has waived his right to appeal his sentence.

4