[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16941
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00430-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Robert James Butler appeals from the district court's sua sponte denial of a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, which

reduced the base offense levels applicable to crack cocaine found in U.S.S.G. §

2D1.1. Prior to the instant appeal, Butler previously had appealed the district court's denial of his original application for § 3582(c)(2) relief, in case number 08-14961 ("Butler I"), which this Court dismissed for lack of jurisdiction. After the mandate in Butler I issued, on November 25, 2008, the district court sua sponte entered a second order denying Butler § 3582(c)(2) relief after finding that he was sentenced as a career offender and that Amendment 706 did not reduce his guideline range. Butler now appeals from the district court's November 25 order, and two issues are before us: (1) the government's claim that the district court lacked jurisdiction to enter the order sua sponte denying § 3582(c)(2) relief; and (2) Butler's claim that the district court erred in refusing to reduce his sentence, on grounds that United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554), was wrongly decided and that the district court had discretion, under United States v. Booker, 543 U.S. 220 (2005), to consider the 18 U.S.C. § 3553(a) factors and reduce his sentence. After careful review, we affirm.

We review the subject matter jurisdiction of the district court de novo. See Bishop v. Reno, 210 F.3d 1295, 1298 (11th Cir. 2000). "In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's

2

legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

First, we reject the government's claim that the district court lacked jurisdiction to enter the November 25 order sua sponte denying § 3582(c)(2) relief. Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of cases and controversies, or, stated differently, cases that have not become moot. U.S. Const. art. III, § 2; see also United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir.), cert. denied, 129 S. Ct. 288 (2008). Mootness is jurisdictional, and a case is not moot if the court has the ability to give the party meaningful relief. Al-Arian, 514 F.3d at 1189.

A district court has subject matter jurisdiction, under 18 U.S.C. § 3582(c)(2), to reduce a defendant's sentence, if his sentencing range has been lowered by a retroactive amendment to the Sentencing Guidelines, "upon motion of the defendant or the Director of the Bureau of Prisons, or on [the court's] own motion." 18 U.S.C. § 3582(c)(2); see also Moore, 541 F.3d at 1326 (noting that a district court may reduce a defendant's sentence "on its own motion" under § 3582(c)(2)).

The record here reveals that the district court had jurisdiction to enter its November 25 order denying Butler relief under § 3582(c)(2). Because Butler is

still incarcerated, the issue of a sentence reduction was not moot, see Al-Arian, 514 F.3d at 1189, and under § 3582(c)(2), the district court had subject matter jurisdiction to consider a reduction on its own motion, as it did here, see Moore, 541 F.3d at 1326.[1]

We likewise find no merit in Butler's argument the district court erred in refusing to reduce his sentence. As noted above, a district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted that a defendant is ineligible for a sentence reduction where an "amendment does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Butler's arguments are foreclosed by precedent. In Moore, we held that career offenders whose guideline ranges are not affected by Amendment 706, such

---

[1] We note that, because the district court previously denied Butler relief under Amendment 706 and that decision was final, in light of our dismissal of his related appeal in Butler I, the non-jurisdictional law-of-the-case doctrine may settle the issue of whether Butler was entitled to § 3582(c)(2) relief in this case. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (discussing the law-of-the-case doctrine); see also Pennsylvania v. Ritchie, 480 U.S. 39, 48 n.7 (1987) (noting that "[l]aw-of-the-case principles are not a bar to this Court's jurisdiction"). However, because the parties do not expressly address this issue, we next proceed to discuss why Butler's substantive arguments are without merit.

4

as Butler, are not eligible for a sentence reduction.  See Moore, 541 F.3d at 1330.

In addition, contrary to Butler's assertion, Booker did not give the district court the

discretion to consider the § 3553(a) factors and reduce his sentence in this case.

See United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding

that Booker does not provide an independent jurisdictional basis for an ineligible

defendant to receive a reduction).  Accordingly, we affirm.

**AFFIRMED.**