[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17150
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00225-CR-T-30EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC BRANDON ALMLY,
a.k.a. Jeffrey Siegle,
a.k.a. laptops24@aol.com, et al.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 10, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges

PER CURIAM:

Eric Brandon Almly appeals his conviction and 120-month sentence for interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. Almly makes two contentions. First, he contends that the government breached the terms of his plea agreement by failing to recommend to the district court that he be sentenced within the advisory guidelines range. Second, he contends that his sentence, which exceeded the advisory guidelines range, is procedurally and substantively unreasonable. We affirm.

## I.

Almly argues that the government breached the terms of his plea agreement. Almly's plea agreement specified that "[p]ursuant to Fed. R. Civ. P. 11(c)(1)(B), the [government] will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines." Although the plea agreement was filed with the district court, the government did not verbally recommend that Almly be sentenced within the advisory guidelines range at his sentencing hearing. Almly contends that the government's silence at sentencing breached his plea agreement and constitutes reversible error.

Ordinarily, we review de novo whether the government has breached a plea agreement. United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008), cert.

<u>denied</u>, 129 S. Ct. 288 (2008). However, Almly did not raise this issue before the district court, and therefore we review it only for plain error. <u>See</u> <u>Puckett v. United States</u>, 129 S. Ct. 1423, 1433 (2009); <u>United States v. Aguillard</u>, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam) ("Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error."); <u>United States v. Thayer</u>, 204 F.3d 1352, 1356 (11th Cir. 2000) ("The plain error standard is very high. . . ."). "The four prongs of plain error review are: (1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Novaton</u>, 271 F.3d 968, 1014 (11th Cir. 2001) (internal quotations marks and alteration omitted). We will not correct an error unless all four prongs are satisfied. <u>Id.</u>

The third prong of the plain error standard is not met. To satisfy the third prong, the error must have "affect[ed] substantial rights." <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005). "[I]n most cases [this] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." <u>United States v. Olano</u>, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993); <u>Rodriguez</u>, 398 F.3d at 1300 ("[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the

3

error is uncertain so that we do not know which, if either, side it helped the defendant loses."). The defendant has the burden of showing prejudice. Rodriguez, 398 F.3d at 1299. Almly alleges that the government's silence was prejudicial because a possibility exists that the district court would not have sentenced him to the statutory maximum if the government had made a verbal recommendation. A mere possibility that Almly would have received a shorter sentence is not sufficient to establish prejudice. See id. at 1301 ("[W]here the effect of an error on the result in the district court is uncertain or indeterminate . . . [the defendant] has not met his burden of showing prejudice . . . .").

There is no indication the government's failure to make a verbal recommendation at the sentencing hearing influenced the district court. The government had already conveyed its position to the court in the plea agreement, and that agreement was in the record before the court. Further, the district court stated that it was imposing the statutory maximum because of Almly's extensive criminal history. Accordingly, even if the government had verbally reiterated its recommendation that would have been unlikely to change the district court's sentence. At best, it is uncertain whether the government's breach had any effect on Almly's sentence. Because Almly has failed to carry his burden of establishing prejudice, we conclude no plain error occurred.

## II.

Almly also contends that his 120-month sentence, which exceeded the advisory guideline range of 77 to 96 months, is procedurally and substantively unreasonable.

We review the final sentence imposed by the district court for reasonableness. United States v. Williams, 526 F.3d 1312, 1321 (11th Cir. 2008). The reasonableness standard means review for abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). The district court must impose a sentence that is procedurally and substantively reasonable. Williams, 526 F.3d at 1321-22. The party challenging the sentence has the burden of establishing that it is unreasonable. Id. at 1322.

A sentence may be procedurally unreasonable if the district court improperly calculated the guideline range, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain its sentence. Gall, 128 S. Ct. at 597. Although the district court must provide some explanation for its sentence, the district court is not required to discuss explicitly its consideration of each of the § 3553(a) factors on the record. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("We now . . . squarely hold that nothing in Booker or elsewhere

5

requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."). Instead, we ask whether the district court has "considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356-57, 127 S. Ct. 2456, 2468 (2007).

In assessing the substantive reasonableness of the district court's sentence, we consider the totality of the circumstances. Gall, 128 S. Ct. at 597. A sentence is substantively unreasonable if it is not supported by the § 3553(a) factors. Id. at 600. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." Williams, 526 F.3d at 1322.

Almly contends that his 120 month sentence was procedurally unreasonable for several reasons. He first argues that the district court based its decision to upwardly depart from his guidelines range on clearly erroneous facts, namely that he had 16 criminal history points instead of 13, and an adjusted offense level of 26 instead of 24. This argument lacks merit. Almly expressly waived his right to challenge the district court's calculation of his guidelines range in his plea agreement. Additionally, Almly waived his right to challenge the calculation of his criminal history points by affirming at his sentencing hearing that the facts in his PSI were true and accurate and by implying that his earlier written objection to

their calculation had been resolved. See United States v. Baker, 432 F.3d 1189, 1216 (11th Cir. 2005) ("[I]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party. The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing.").

Almly next asserts that his sentence was procedurally unreasonable because the district court failed to adequately explain its variance from the guidelines range. The district court explained that it was increasing Almly's sentence because of his history of criminal conduct and out of a need to protect the public. Such an explanation was legally sufficient. We do not require a district court to explicitly discuss each of the § 3553(a) factors on the record. Scott, 426 F.3d at 1329.

Almly also contends that his sentence was procedurally unreasonable because he did not receive adequate notice that the district court was considering an upward variance. However, a district court is not required to provide notice before imposing a sentence above the advisory guideline range pursuant to the factors in § 3553(a). Irizarry v. United States, __ U.S. __, 128 S. Ct. 2198, 2202–03 (2008) (holding that district court is not required to give defendants' advance

notice before imposing sentence above the advisory guidelines range based on the court's determination that a sentence within the advisory guidelines would not adequately address § 3553(a) factors). For the reasons explained above, Almly's sentence was procedurally reasonable.

Almly's sentence was also substantively reasonable. The district court imposed a 120 month sentence after considering Almly's arguments and the § 3553(a) factors, specifically discussing his extensive criminal history and the need to protect the public. Almly has failed to show that the district court abused its discretion. Accordingly, we affirm.

**AFFIRMED**