[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12509
Non-Argument Calendar
_____

D.C. Docket Nos. 8:10-cv-01697-JSM-EAJ,
8:08-cr-00225-JSM-EAJ-1

ERIC BRANDON ALMLY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 31, 2012)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Eric Almly, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.[1] He contends that he was denied effective assistance of counsel because, at sentencing, his attorney did not challenge the government's breach of his plea agreement. He argues that if his counsel had done so, one of two things would have happened. Either, the district court would have been required to enter a new sentence or on direct appeal a plain error standard of review would not have applied to the breach of the plea agreement issue. See United States v. Almly, 352 F. App'x 395, 397 (11th Cir. 2009) (unpublished) (affirming Almly's sentence because he failed to show that the alleged breach of his plea agreement affected his substantial rights).

Almly pleaded guilty to the interstate transportation of stolen property. The district court received Almly's plea agreement in which the government agreed to recommend a sentence within the applicable guidelines range. Id. at 396. But the government did not verbally make that recommendation at the sentence hearing. Id. Before pronouncing the sentence, the district court stated that Almly had "spent his entire life practically stealing and causing harm to others" and that the

---

[1] We granted a certificate of appealability on two questions: (1) whether the government's breach of the plea agreement rendered the sentence-appeal waiver unenforceable; and (2) if the sentence-appeal waiver is unenforceable, whether Almly's trial counsel was ineffective for failing to object to the government's breach and thereby preserve the issue for direct appeal. To resolve this appeal, we will assume for the sake of argument only that the sentence-appeal waiver is unenforceable and instead address the merits of the second question.

"only way to protect the public from Mr. Almly is to keep him in prison." The district court then sentenced him to 120 months in prison, which exceeded the applicable guidelines range. Id. Almly contended on direct appeal, and now again in his § 2255 motion, that the government breached the agreement by not making an oral recommendation at the sentence hearing.

In a § 2255 proceeding, we review de novo legal issues and but review factual findings only for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "To succeed on a claim of ineffective assistance, [Almly] must show both incompetence and prejudice: (1) [Almly] must show that counsel's representation fell below an objective standard of reasonableness, and (2) [he] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Chandler v. United States, 218 F.3d 1305, 1312–13 (11th Cir. 2000) (quotation marks omitted).

Almly relies on Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423 (2009), and Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495 (1971), to contend that but for his counsel's error the district court would have been required to undo its original sentence order and enter a new sentence as a result of the government's breach. But Puckett and Santobello did not create an absolute right

3

to a new sentence whenever the government breaches a plea agreement.  See

Puckett, 556 U.S. at 143, 129 S.Ct. at 1433 (holding that unobjected to breaches of

a plea agreement are to be reviewed on appeal only for plain error).

In this case the plea agreement in which the government agreed to

recommend a guidelines range sentence was submitted to the district court.  The

failure was that the government did not verbally make the recommendation that it

had agreed to make.  The question for purposes of the prejudice prong of the

ineffective assistance of counsel claim that Almly is pursuing is whether he has

carried his burden of showing a reasonable probability of a different sentence if

his counsel had objected at the sentence hearing to the government's failure to

make the recommendation.  See Strickland v. Washington, 466 U.S. 668, 694, 104

S.Ct. 2052, 2068 (1984).  That is the same burden of showing prejudice that an

appellant has to meet in order to establish plain error on direct appeal.  See United

States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005).  We have already held,

on direct appeal, that Almly cannot establish a reasonable probability of a different

result had the government verbally made the recommendation that it promised to

make.  Almly, 352 F. App'x at 397.  The reason he cannot is that we have no good

reason to believe that the court would have followed the government's

recommendation.  At sentencing the district court explained that it was imposing

4

the sentence it did because Almly had "spent his entire life practically stealing and causing harm to others" and that the "only way to protect the public from Mr. Almly is to keep him in prison." An oral recommendation from the government that he be sentenced within the guidelines is highly unlikely to have changed the result. Because Almly cannot meet the prejudice requirement of <u>Strickland</u>, the district court correctly denied his § 2255 motion.

**AFFIRMED.**