[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2011
JOHN LEY
CLERK

No. 10-13041
Non-Argument Calendar
_____

D.C. Docket Nos. 1:08-cv-23067-JEM, 1:07-cr-20415-JEM-1

FREDERICK BRADLEY NOWELL, SR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 9, 2011)

Before CARNES, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Bradley Nowell, Sr., proceeding pro se, appeals the district

court's denial of three motions that he filed after the denial of his initial 28 U.S.C.

§ 2255 motion. In his first motion Nowell requested the disqualification of the Assistant United States Attorney who represented the government in his underlying criminal case and his initial § 2255 proceedings; in his second motion, he requested an order to show cause why the AUSA should not be held in criminal contempt; and in his third motion, he asked that a three-judge panel of the district court be convened to reverse the denial of his show-cause motion.

Nowell contends that the AUSA should be disqualified because she acted under a conflict of interest during the time she prosecuted his case. As to the criminal contempt motions, Nowell contends that, during his pre-trial proceedings, the AUSA disobeyed the district court's standing discovery order by willfully failing to provide any discovery within the time period specified by the court. He asserts that she withheld critical evidence from him before he entered a guilty plea. Nowell challenged this alleged misconduct before sentencing, moving to withdraw his guilty plea. The district court denied that motion, and this Court affirmed that judgment on direct appeal in an opinion issued on March 20, 2008.

Because mootness is jurisdictional, we "must resolve any question of mootness" before assuming that we have jurisdiction over an appeal. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008). "A case on appeal becomes moot, and ceases to be a case or controversy, when it no longer presents a

live controversy with respect to which the court can give meaningful relief." Id. (quotation marks omitted). We review de novo questions of mootness. Id.

Nowell's appeal of the denial of his motion to disqualify is moot. This court ruled in an earlier order that Nowell's 28 U.S.C. § 2255 proceedings have ended, and the AUSA whom Nowell sought to disqualify does not represent the government in this appeal. Because there is no proceeding, either here or in the district court, from which the AUSA could be disqualified, Nowell's motion "no longer presents a live controversy," and we cannot grant any meaningful relief. See Al-Arian, 514 F.3d at 1189 (quotation marks omitted). For that reason, we dismiss his appeal on the disqualification issue.

Regarding Nowell's other two motions, it is not entirely clear what he sought to accomplish by filing them. Even construing those motions most favorably to Nowell, however, we can discern no relief that the district court could grant. Accordingly, we affirm the district court's denial of those motions.

**DISMISSED in PART, AFFIRMED in PART.**