[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16008

_____

D. C. Docket No. 03-00077-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMI AMIN AL-ARIAN,
a.k.a. Amin,
a.k.a. Abu Abdullah,
a.k.a. The Secretary,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 25, 2008)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,[*] District Judge.

_____

[*] Honorable Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

PER CURIAM:

In this appeal, we decide whether a district court has jurisdiction to consider a defendant's post-conviction motion seeking specific enforcement of a plea agreement, which does not request recision of the plea. We also decide whether a plea agreement that contains no provisions exempting a defendant from cooperating with the government or providing future testimony can be interpreted to prohibit the government from issuing a grand jury subpoena to the defendant. Sami Amin Al-Arian appeals the district court's denial of his motion to enforce plea agreement, in which he argued that, in exchange for his guilty plea, the government agreed never to seek his testimony on any other matters, whether offered voluntarily or compelled by a subpoena. After the district court found that it had jurisdiction over the motion, it found that the plea agreement is clear, unambiguous, and contains no agreement that Al-Arian is immune from a future grand jury subpoena. Therefore, the district court determined that the plea agreement does not prevent the government from subpoenaing Al-Arian to testify before a grand jury. For the following reasons, we AFFIRM.

## I. BACKGROUND

Al-Arian was indicted in the Middle District of Florida on multiple counts of

activity related to international terrorism, including conspiracy to commit racketeering, conspiracy to murder, maim, or injure persons at places outside the United States, conspiracy to provide material support to a designated foreign terrorist organization (the Palestinian Islamic Jihad), conspiracy to make and receive contributions of funds, goods, or services to or for the benefit of specially designated terrorists, providing material support to a terrorist organization, money laundering, and obstruction of justice. In May 2005, after his jury trial resulted in acquittals on some counts and a hung jury on others, Al-Arian pled guilty to one count of conspiracy "to make or receive contributions of funds, goods or services to or for the benefit of the Palestinian Islamic Jihad . . . in violation of 18 U.S.C. § 371." R17-1563 at 1. He was sentenced to 57 months of imprisonment.

Al-Arian entered his guilty plea in the Middle District of Florida pursuant to a written plea agreement. The plea agreement provides that the "agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Counterterrorism Section of the Department of Justice and cannot bind other federal, state, or local prosecuting authorities." R17-1563 at 8. The plea agreement also contains an integration clause, establishing that the "plea agreement constitutes the entire agreement between the government and the defendant . . . and no other promises, agreements, or representations exist or have

3

been made to the defendant or defendant's attorney with regard to such guilty plea." Id. at 14. The plea agreement contains no terms regarding whether Al-Arian agreed to cooperate with the government in the future, or whether he could be required to do so. At Al-Arian's plea hearing, the government informed the district court that prosecutors in the United States Attorney's Office for the Eastern District of Virginia had agreed that the plea agreement would bind that office, but only to the extent that Al-Arian would not be charged by that office with crimes known to it "at the time of the agreement related to the conduct giving rise to the agreement." R124 at 18-19. During the plea colloquy, the district court asked Al-Arian whether he had been promised anything else by anyone to induce his guilty plea, and Al-Arian replied that he had not.

In May 2006, the United States District Court for the Eastern District of Virginia issued to Al-Arian a grand jury subpoena ad testificandum. The subpoena was served on Al-Arian in early October 2006, and he filed a motion to quash the subpoena in the Virginia district court. Al-Arian argued that his plea agreement in the Florida district court prevented the government from forcing him to testify before the grand jury in Virginia. The government responded that the Florida district court, not the Virginia district court, was the proper court to adjudicate Al-Arian's motion and suggested that the Virginia district court should direct Al-Arian

4

to file his motion in the Florida district court. SR1 at 6-8. The Virginia district court agreed and granted Al-Arian leave to file a motion to enforce the plea agreement in the Florida district court on or before 26 October 2006. SR1 at 10, 20-22.

Al-Arian timely filed his motion in the Florida district court and argued that he and the government agreed that he would not be required to cooperate with the government in any manner. That agreement is not documented in the plea agreement, but Al-Arian asserted that the government purposefully omitted the standard cooperation provisions from the plea agreement because the government acquiesced to his refusal to cooperate. According to Al-Arian, the absence of a cooperation provision in the plea agreement demonstrated that the government agreed not to seek further testimony from him. Al-Arian contended that, in light of this agreement, his constitutional due process rights would be violated if he were compelled to testify before the grand jury in Virginia. Al-Arian requested that the Florida district court enforce the plea agreement and order specific performance of the non-cooperation aspect of that agreement, which would bar the government from compelling his testimony. The government responded that the Florida district court lacked jurisdiction to consider the motion and that the plea agreement did not immunize Al-Arian from the grand jury subpoena.

5

The Florida district court conducted a hearing on Al-Arian's motion. The district court found that it had jurisdiction over the motion because Al-Arian sought "protection from the United States government" and that it did not matter which judicial district in which the dispute over the grand jury subpoena took place. R127 at 29-30. In a subsequent written order, the court held that Al-Arian's plea agreement was not ambiguous and did not prevent the government from issuing a subpoena compelling him to testify. Further, the court found that "cooperation" is not equivalent to compelled testimony, so that even if the plea agreement provided that Al-Arian would not have to cooperate, that would not necessarily mean that he could not be compelled to testify pursuant to a subpoena. R17-1666 at 1-2.

Al-Arian appealed the Florida district court's order to this court. Subsequently, the Virginia district court found that Al-Arian had no legal basis on which to refuse to comply with the subpoena, granted the government's motion to hold Al-Arian in civil contempt, denied Al-Arian's motion to stay the contempt proceedings during the pendency of this appeal, and ordered Al-Arian's criminal sentence to be tolled until he testified before the grand jury. Al-Arian appealed his contempt citation to the United States Court of Appeals for the Fourth Circuit, which affirmed the Virginia district court's order. In May 2007, Al-Arian filed an

unopposed motion for expedited consideration and resolution of his appeal with this court. We held oral argument in this case on 11 September 2007.[1] On 14 December 2007, the Virginia district court vacated its contempt order.

## II. DISCUSSION

A. Jurisdiction

    1. Mootness

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." U.S. CONST. art. III, § 2. A case on appeal becomes moot, and ceases to be a case or controversy, "when it no longer presents a live controversy with respect to which the court can give meaningful relief." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam) (internal quotation and citation omitted). Thus, mootness is jurisdictional, and the court must resolve any question of mootness before it assumes jurisdiction. Id. (quotations and citations omitted). The fundamental question with respect to mootness is whether events have "occurred subsequent to the filing of . . . an appeal [that] deprive the court of the ability to give the . . . appellant meaningful relief." Id. (citation omitted). "Whether a case is moot is a question of law that we review de novo." Sheely v. MRI Radiology Network,

_____

[1] We unsealed the proceedings in this case immediately prior to oral argument.

7

P.A., 505 F.3d 1173, 1182 (11th Cir. 2007).

We conclude that this case is not moot because we have the ability to afford meaningful relief to Al-Arian, even though the Virginia district court already vacated its contempt order. The Virginia district court's contempt order provided that Al-Arian's sentence imposed pursuant to his guilty plea would be tolled until he purges that contempt by testifying before the grand jury. If we were to find that Al-Arian's plea agreement immunizes him from the grand jury subpoena, and the Virginia district court erred by holding him in contempt, the time Al-Arian served pursuant to the civil contempt order would be credited towards the sentence he is serving pursuant to his guilty plea. Hence, this appeal is not moot. In re Grand Jury Proceedings (Knight), 588 F.2d 429 (5th Cir. 1979) (per curiam) (concluding that appeal from a civil contempt conviction is not mooted by a subsequent order vacating that conviction because contempt conviction tolled criminal sentence); In re Grand Jury Witness (Altro), 180 F.2d 372, 375 n.3 (2d Cir. 1999) (deciding that appeal is not moot where conclusion that civil contempt order was erroneously entered would credit contempt sentence toward criminal sentence); Mosley v. United States, No. 92-1263, 1994 WL 246077, at *1 (7th Cir. June 3, 1994) (same).

2. Subject Matter Jurisdiction

Next, we must determine whether the district court had subject matter jurisdiction over Al-Arian's motion to enforce his plea agreement. Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001) (stating that '[a]ppellate courts have a responsibility to examine the subject matter jurisdiction of the district courts in actions that they review."). We review questions concerning a district court's subject matter jurisdiction de novo, Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005), and we may affirm "for any reason supported by the record, even if not relied upon by the district court." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1284 (11th Cir. 2007). We also must determine whether, and to what extent, we have jurisdiction in this appeal. Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1043 (11th Cir. 2001) ("This court has a duty to independently examine our appellate jurisdiction and dismiss when our jurisdictional limits are exceeded.").

Whether the district court possessed jurisdiction over Al-Arian's motion is a matter of first impression in our circuit. The government argues that the district court lacked jurisdiction to consider Al-Arian's motion to enforce plea agreement and, even if it did have jurisdiction over the motion, its order was neither final nor appealable since it imposed no restriction upon Al-Arian. Consequently, the government argues either that we have jurisdiction only to find that the district

9

court lacked jurisdiction over Al-Arian's motion, or that we lack jurisdiction altogether to consider this appeal. Al-Arian offers several bases for the district court's jurisdiction, including 28 U.S.C. § 2255. Al-Arian argues that we have jurisdiction both to review the district court's order and to address his motion on its merits.

As an initial matter, the district court's order is final and appealable. The district court's order denying Al-Arian's Motion to Enforce Plea Agreement is an adjudication of the terms of a contract, the plea agreement, entered into by Al-Arian and the government. The district court resolved all of Al-Arian's claims, and there is no further action to be taken by the district court in this case. Thus, we have jurisdiction to consider this appeal. See 28 U.S.C. § 1291; Delaney's, Inc. v. Illinois Union Ins. Co., 894 F.2d 1300, 1304 (11th Cir. 1990).

The next question concerns the extent of our jurisdiction in this case – whether or not we may address the merits of Al-Arian's motion and how we may do so.[2] In Santobello v. United States, 404 U.S. 257, 92 S. Ct. 495 (1971), the Supreme Court held "that when a plea rests in any significant degree on a promise . . . of the prosecutor, so that it can be said to be part of the inducement or

---

[2] The government moved for a limited remand to the district court if we were to reach the merits of Al-Arian's appeal and were required to resolve a factual issue based on evidence not in the record on appeal. Since we do not need to resolve any such factual issues, a limited remand is not needed. The government's motion is denied.

consideration, such promise must be fulfilled." Id. at 262, 92 S. Ct. at 499. Due process requires the government to adhere to the promises it has made in a plea agreement. United States v. Harvey, 869 F.2d 1439, 1443 (11th Cir. 1989) (en banc). In Santobello, the defendant entered a guilty plea in reliance on the prosecutor's promise not to make a sentencing recommendation. Santobello at 257, 92 S. Ct. 495. At the sentencing hearing, the prosecutor who negotiated the plea was replaced by another prosecutor, who recommended a maximum sentence of one year of imprisonment. Id. at 259, 92 S. Ct. at 497. The court sentenced the defendant to one year in prison. On direct appeal, the Supreme Court concluded that, in the event that the government does not honor its end of the bargain which induced a guilty plea, the court that sentenced the defendant has the discretion to fashion an appropriate remedy, i.e., whether to order specific performance of the plea agreement or to allow the defendant to withdraw his guilty plea. Id. at 262-63, 92 S. Ct. at 499. Therefore, in Santobello, the Supreme Court implicitly recognized that the court that accepts a guilty plea has jurisdiction to enforce a plea agreement if the government is in breach. See id.

We followed Santobello in In re Arnett, 804 F.2d 1200 (11th Cir. 1986) (per curiam). In Arnett, the defendant pled guilty to a single count of possession of marijuana and cocaine with intent to distribute. Id. at 1201. The defendant's plea

agreement provided that he would forfeit $3,000 found on his person when he was arrested.  Id.  After the district court accepted the defendant's plea, but before he was sentenced, the government sought forfeiture of the defendant's house and farm.  Id.  The defendant filed a writ of mandamus and argued that the government's actions violated the plea agreement, and he sought specific performance of the agreement, or, in the alternative, to rescind his plea.  We agreed that the government violated the terms of its plea agreement with the defendant, stating: "[w]here the government has not honored a plea agreement, the fashioning of an appropriate remedy is left to the sound discretion of the court."  Id. at 1204 (citing Santobello, 404 U.S. 257).  We further stated that "[t]his circuit follows the principles enunciated in Santobello by requiring that the government adhere strictly to the terms of plea agreements," id., but we did not explicitly hold that the district court had jurisdiction over the defendant's motion to enforce a plea agreement.

We now conclude, as have the First and Seventh Circuits, that a § 2255 motion may be used to enforce promises made in a plea agreement.  Bemis v. United States, 30 F.3d 220, 221 (1st Cir. 1994) ("we believe that habeas corpus provides an appropriate procedural vehicle for advancing a Santobello claim"); Bischel v. United States, 32 F.3d 259, 264 (7th Cir. 1994) (petitioner satisfied §

12

2255's jurisdictional requirement by claiming that he relied to his detriment on the government's alleged promise to seek a sentencing reduction). Al-Arian claimed in his motion that he pled guilty in reliance on the government's alleged promise never to require his cooperation in any future capacity. Al-Arian's motion was filed within one year of the date on which he was subpoenaed, see 28 U.S.C. § 2255, and his claim satisfies the jurisdictional element of § 2255 because, if the government actually made and breached such a promise, Al-Arian is serving a federal sentence in violation of his constitutional due process rights. Harvey, 869 F.2d at 1443. The motion was properly filed in the Florida district court because Al-Arian entered his guilty plea in that court. See Rule 3(b), Rules Governing § 2255 Cases. Accordingly, we hold that the district court in which a defendant pled guilty pursuant to a written plea agreement has jurisdiction over a motion filed by the defendant to enforce the agreement under § 2255. The Florida district court had jurisdiction over Al-Arian's motion, and we may review the merits of that motion.

B. Breach of the Plea Agreement

Al-Arian argues that, in exchange for his guilty plea, the government agreed never to seek his cooperation in any future matter, and that the government breached this agreement by subpoenaing him to testify before a grand jury in the

Eastern District of Virginia. Whether the government has breached a plea agreement is a question of law that we review de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam). However, the district court's factual findings regarding the scope of the agreement will be set aside only if they are clearly erroneous. Raulerson v. United States, 901 F.2d 1009, 1012 (11th Cir. 1990). "The court must decide whether the government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." Arnett, 804 F.2d at 1202-03. The court must use objective standards to resolve a dispute over the meaning of terms in a plea agreement. Id. at 1202. Parol evidence may be considered only where the language of the agreement is ambiguous or government overreaching is alleged. Raulerson, 901 F.2d at 1012.

In In re Grand Jury Proceedings (Perdue), 819 F.2d 984 (11th Cir. 1987) (per curiam), we decided a case presenting very similar facts. After Perdue pled guilty pursuant to a written plea agreement, the government subpoenaed him to testify before a grand jury and granted him immunity from prosecution based on his testimony. Purdue refused to testify and the district court held him in contempt. Id. at 985. Perdue appealed to this court, arguing that the government agreed that, in exchange for his guilty plea and acceptance of a longer sentence, the government would not require him to testify in other matters. Id. at 986. Because

14

we decided that Perdue's plea "agreement simply [did] not contain any mention of future testimony, whether voluntary or compelled," we concluded that we would "not rewrite the agreement to include a bar on attempts by the government to compel testimony by Perdue." Id. at 987. Accordingly, we held that the plea agreement did not preclude the government from attempting to compel testimony from Perdue, and we so held even though we recognized that the government may have misled Perdue and that Perdue may have misunderstood the plea agreement. Id. at 986-87.

The Second Circuit reached the same result in a nearly identical case. In In re Grand Jury Witness (Altro), 180 F.3d 372 (2d Cir. 1999), a defendant refused to comply with a grand jury subpoena based upon his belief that his plea agreement afforded him immunity from the government's subpoena. The plea agreement contained no reference to future testimony, and the defendant did not establish that the government affirmatively made a "no-cooperation promise." Id. at 376. Instead, the defendant relied upon his understanding that the plea agreement contained an "implicit" promise that he would not have to give grand jury testimony, based upon his course of dealing with the government. Id. at 375. The plea agreement contained an integration clause, providing that there were no other promised or understandings between the parties other than those written in the

15

agreement. Id. at 373. On those facts, the Second Circuit concluded that the defendant could not rely on an "implicit understanding" that was not reflected in the plea agreement to demonstrate that the government had breached the plea agreement and affirmed the district court's order holding him in contempt. Id. at 376-77.

This case falls squarely within Perdue and Altro. Al-Arian's plea agreement contains no mention of whether he could be compelled to testify before a grand jury in the future. It also contains an integration clause, providing that the plea agreement reflects all of the promises and agreements between Al-Arian and the government. Notwithstanding the integration clause, Al-Arian argues that the plea agreement's lack of any provision related to future testimony is actually affirmative evidence that the government agreed, as part of the plea agreement, not to seek future testimony from him. According to Al-Arian, the government agreed to omit the "standard cooperation provision"[3] from the plea agreement because Al-Arian conditioned his guilty plea on his refusal to cooperate. Appellant's Br. 16. Thus, Al-Arian contends that removing that language from the plea agreement

---

[3] The government filed a letter brief and attached the plea agreement provisions at issue in response to our request at oral argument. We note that the cooperation provisions are drafted such that cooperation includes testimony both provided voluntarily and compelled by a subpoena. However, because it is not necessary for us to decide in this appeal whether "cooperation" encompasses compelled testimony, we express no opinion as to whether the district court correctly found that "cooperation" does not include testimony compelled by a subpoena.

16

achieved the same result as including a provision immunizing him from having to give any future testimony. We disagree. The exclusion of a standard plea agreement provision requiring a defendant to cooperate with the government, whether voluntarily or under subpoena, does not establish that the government immunized Al-Arian from future grand jury subpoenas. This contention is especially dubious where, as here, the plea agreement contains an integration clause stating that there are no other promises, agreements, or representations except those set forth in the agreement, and Al-Arian denied at his plea hearing that he pled guilty in reliance on any promises or inducements except for those found in the agreement. In addition, the United States Attorney's Office for the Eastern District of Virginia only agreed to be bound by the plea agreement such that it would not <u>prosecute</u> Al-Arian for crimes known to that office at the time of the agreement; that office did not agree to immunize Al-Arian from any future grand jury subpoenas.[4] Given these aspects of the plea agreement and plea

---

[4] Al-Arian also argues that the United States Attorney's Office for the Eastern District of Virginia is bound by the plea agreement. We address this additional issue in further detail to explain that, even if the government had immunized Al-Arian from future grand jury subpoenas, neither the plea agreement itself nor the modification of that agreement made during the plea hearing in the district court extended any such immunity to subpoenas issued from the Eastern District of Virginia. The plea agreement expressly binds only the United States Attorney's Office for the Middle District of Florida and the Counterterrorism Section of the Department of Justice. At the plea hearing, the agreement was orally modified to "further bind the Eastern District of Virginia such that, if the [c]ourt accepts the plea agreement, the United States Attorney's Office for the Eastern District of Virginia likewise will not charge [Al-Arian] with committing any other federal crimes known to that United States Attorney's Office at the time of

17

hearing, we cannot conclude that Al-Arian reasonably believed that he would forever be immune from all grand jury subpoenas originating from any federal prosecutor's office.

In this case, like Perdue, there is a clear conflict between Al-Arian's understanding of the plea agreement versus the government's understanding of it. Also like Perdue, Al-Arian alleges that he was at least unintentionally misled by the government into believing that he would not have to give any further testimony, and the government did not present any evidence to render Al-Arian's misunderstanding implausible. Perdue, 819 F.2d at 986. However, as we stated in Perdue, even "where the government arguably misled [Al-Arian], and where [Al-Arian] plausibly misunderstood the plea agreement, we cannot enforce an agreement that was never agreed on with specificity." Id. at 987. As we have explained, the plea agreement reflects no agreement between Al-Arian and the government that Al-Arian could not be compelled to give grand jury testimony. Consequently, we hold that the written plea agreement between Al-Arian and the government does not prevent the government from issuing a subpoena to Al-Arian requiring him to testify before a grand jury.

---

the agreement." R124 at 18-19. This modification of the plea agreement binds the United States Attorney's Office Eastern District of Virginia only insofar as that office agreed not to prosecute Al-Arian for crimes known to that office at the time of the plea; it does not extend any purported immunity to Al-Arian from grand jury subpoenas.

18

### III. CONCLUSION

Al-Arian appeals the district court's denial of his motion to enforce plea agreement, in which he argued that his plea agreement in the Middle District of Florida precluded the United States Attorney's Office for the Eastern District of Virginia from compelling him to testify before a grand jury. Al-Arian argues that, as consideration for his guilty plea, the government agreed never to seek his testimony on any other matters, whether provided voluntarily or compelled. Upon review, we hold that the district court had jurisdiction over Al-Arian's motion pursuant to § 2255. The plea agreement is clear, unambiguous, and does not grant Al-Arian immunity from a future grand jury subpoena. Therefore, we hold that the government did not breach the plea agreement by issuing a subpoena commanding Al-Arian to testify before a grand jury.

**AFFIRMED.**