[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2010
JOHN LEY
CLERK

_____

No. 09-12917
Non-Argument Calendar

_____

D. C. Docket No. 06-80171-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN C. GUTIERREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 8, 2010)

Before DUBINA, Chief Judge, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Appellant Juan Carlos Gutierrez appeals his 216-month sentence for

conspiracy to possess cocaine with the intent to distribute. During sentencing, the government established that the Varela Drug Ring—the conspiracy in which Gutierrez was a member—routinely carried guns to protect against a home invasion, and its operations included taking drugs from others by force. Additionally, Gutierrez personally participated, in some form, in a drive-by shooting and an attempted robbery against another drug dealer. Moreover, after members of the Varela Drug Ring murdered Jose Escobedo, a cocaine supplier, and his family, Gutierrez helped ransack the Escobedo home looking for money and drugs, and attempted to conceal evidence. Based on these facts, the district court applied a base offense level of 43, pursuant to U.S.S.G. § 2D1.1(d)(1)'s cross-reference to the first-degree murder guideline (§ 2A1.1), for the Escobedo murders.

On appeal, Gutierrez argues that the district court erred in applying the murder cross-reference guideline. Gutierrez asserts that, under the guidelines, the evidence failed to demonstrate that he reasonably could have foreseen the Escobedo murders, or that they were within the scope of the activity he agreed to undertake as a member of the conspiracy.

We review the district court's application and interpretation of the sentencing guidelines *de novo*, and its underlying factual findings for clear error.

*United States v. Foley*, 508 F.3d 627, 632 (11th Cir. 2007). Under the clear error standard, we will not disturb the district court's findings "unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Clarke,* 562 F.3d 1158, 1165 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 809 (2009) (quoting *United States v. Crawford*, 487 F.3d 1174, 1177 (11th Cir. 2005)). We may affirm on any basis supported by the record, even if not relied upon by the district court. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 288 (2008)**.**

Under U.S.S.G. § 2D1.1, "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, [a sentencing court should] apply § 2A1.1 (First Degree Murder)." U.S.S.G. § 2D1.1(d)(1) (2008). First degree murder receives a base offense level of 43. U.S.S.G. § 2A1.1. That offense level applies to both premeditated killings, and to felony murder such as bank robbery. *Id.* comment. (nn.1-2).

When attributing the actions of co-conspirators for sentencing purposes—including the application of cross-references—the guidelines provide for consideration, "in the case of a jointly undertaken criminal activity[,] . . . [of] all reasonably foreseeable acts and omissions of others in furtherance of the jointly

3

undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). The guidelines go on to state that "[i]n order to determine the defendant's accountability for the conduct of others under subsection (a)(1)(B), the court must first determine . . . [] the scope of the specific conduct and objectives embraced by the defendant's agreement[]". *Id.* comment. (n.2). Furthermore, "conduct of others that was not in furtherance of the criminal activity jointly undertaken by the defendant, or was not reasonably foreseeable in connection with that criminal activity, is not relevant conduct." *Id.*

Reasonable foreseeability and conduct within the scope of the agreement are two separate elements that the government must prove in order to hold a defendant accountable for co-conspirator actions. *United States v. Reese*, 67 F.3d 902, 907-09 (11th Cir. 1995) (holding that the district court erred in attributing certain quantities of cocaine to the defendants based only on their basic knowledge of the organization).

Although Gutierrez did not personally participate in the Escobedo murders, and there was no evidence that he had direct knowledge the murders would occur, the record demonstrates that he willingly associated himself with an organization that he knew both carried guns and used guns on others. Furthermore, Gutierrez's actions after the Escobedo murders took place indicated his complicity in a conspiracy whose acts were becoming increasingly violent. These actions indicate

4

that the possibility that a murder—or murders—would occur in furtherance of the Varela Drug Ring's activities was something that was both reasonably foreseeable to Gutierrez and within the scope of his participation in the conspiracy. Accordingly, we hold that the district court did not err in applying the U.S.S.G. § 2D1.1(d)(1) cross-reference guideline against Gutierrez for the murder of the Escobedo family, and we affirm Gutierrez's sentence.

**AFFIRMED.**