[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15465
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00153-LSC-HGD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GLENN EVAN WILLIAMS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 22, 2011)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Glenn Evan Williams, Jr. appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Williams contends that the government breached his plea agreement by failing to recommend a sentence at the low end of the applicable guidelines range. Williams requests that we vacate his sentence, remand his case for re-sentencing before a different judge, and that we order the government to fulfill its obligations under the plea agreement.

We ordinarily review <u>de novo</u> whether the government has breached a plea agreement. <u>United States v. Al-Arian</u>, 514 F.3d 1184, 1191 (11th Cir. 2008). However, because Williams failed to object at sentencing to the government's violation of his plea agreement, we review his claim only for plain error. <u>Puckett v. United States</u>, 556 U.S. __, 129 S.Ct. 1423, 1428–29 (2009). "For this Court to correct an error under plain error review, "(1) there must be error; (2) the error must be plain; (3) the error must affect the appellant's substantial rights; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Pantle</u>, 637 F.3d 1172, 1174 (11th Cir. (quotation marks omitted). With respect to the third prong of plain error review, we recently reiterated that:

"[i]t is the defendant rather than the [g]overnment who bears the burden

2

of persuasion with respect to prejudice." [United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005).] And in order to meet that burden, a defendant must show that the claimed error affected his substantial rights, which "almost always requires that the error must have affected the outcome of the district court proceedings." Id. (quotation marks omitted). A defendant's burden under the plain error standard to show prejudice is "anything but easy"—"the burden truly is on the defendant to show that the error actually did make a difference." Id. at 1299–1300.

Pantle, 637 F.3d at 77.

Williams argues that the government breached his plea agreement by failing to recommend a sentence at the low end of the applicable guidelines range. However, even though the government concedes that it breached the plea agreement by arguing for a sentence "within" the applicable guidelines range, Williams has conceded that it "it may be argued that the comments of [the government] were equivocal and did not affect the sentencing court's judgment" in imposing his sentence. Furthermore, the district court explicitly stated that the primary motivating factor behind the sentence was Williams' criminal history and the fact that he remained undeterred by his experiences in the criminal justice system. The district court also repeatedly reminded Williams during sentencing that it was not bound by the government's sentencing recommendation.

For those reasons, it is at best unclear whether the district court would have sentenced Williams any differently had the government recommended a sentence

3

at the low end of the guidelines range. Therefore, Williams has not carried his burden of demonstrating that the government's breach of the plea agreement affected his substantial rights. Rodriguez, 398 F.3d at 1301 ("[W]here the effect of an error on the result in the district court is uncertain or indeterminate ... [the defendant] has not met his burden of showing prejudice . . . .").

**AFFIRMED.**