[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12748
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00288-JES-SPC

BRIAN HELM,

Plaintiff-Appellant,

versus

CHARLIE LIEM,
In his official capacity as Interim
Secretary of Florida Department of
Business & Professional Regulation,
MAURA BOLIVAR,
In her individual capacity as Chief Attorney,
SERGIO GONZALEZ,
In his individual capacity as Regional
Program Administrator, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 15, 2013)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Brian Helm, proceeding *pro se*, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights complaint that he brought against 13 employees of the Florida Department of Business and Professional Regulation (the "DBPR"), the Florida Attorney General's Office, and the Florida Board of Accountancy in their individual capacities. On appeal, Helm argues that the district court erred in finding that Charlie Liem, Maura Bolivar, Sergio Gonzalez, Sandra Green, April Skilling, Jennifer Tschetter, Ned Luczynski, John Washington, Thomas O'Bryant, Ron Russo, Veloria Kelly, Tim Vaccaro, and Jerold Wilson (collectively, the "state employees") were immune from suit under the Eleventh Amendment as to all but one claim and, alternatively, that they were entitled to qualified immunity on all claims. Helm further contends that the district court erred in dismissing his complaint with prejudice.

We review a district court's dismissal for failure to state a claim based on qualified immunity *de novo*. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). We review a district court's refusal to grant leave to amend for abuse of discretion. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC,* 600 F.3d 1334, 1336 (11th Cir. 2010). Qualified immunity shields government officials from civil liability when: (1) the government official was acting within the scope of his

2

discretionary authority; and (2) the official's conduct does not "violate clearly established statutory or constitutional rights." *See Goebert v. Lee Cnty.*, 510 F.3d 1312, 1329 (11th Cir. 2007) (quotation omitted). As a threshold matter, to receive qualified immunity, a public official must prove "that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 n.14 (11th Cir. 2010) (quotation omitted). "The scope-of-authority inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1262 n.33 (11th Cir. 2010) (quotations omitted). Instead, we look "to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Id.* (quotation omitted). Once a government official "establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate" by showing that a constitutional right was violated and that the constitutional right was "clearly established." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

A plaintiff can show that a right was clearly established in several ways. *Mercado v. City of Orlando*, 407 F.3d 1152, 1158-59 (11th Cir. 2005). "First, he

3

can show that a materially similar case has already been decided . . . ." *Id.* at 1159. Second, he can "show that a broader, clearly established principle should control the novel facts in this situation." *Id.* Finally, he can show that the conduct so obviously violates the constitution that prior case law is unnecessary. *Id.*

The district court did not err in finding that the state employees were entitled to qualified immunity. Helm maintains that the state employees deprived him of his fundamental right to work as a laborer and enter contracts, a substantive due process claim, and failed to provide him an adequate opportunity to contest the notice to cease and desist, a procedural due process claim. But the right to work in a specific profession is not a fundamental right. *Cf. Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 2566-67, 49 L.Ed.2d 520 (1976). Helm's argument also hinges on the repudiated notion of substantive economic due process.[1] *See Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. ___, ___, 130 S.Ct. 2592, 2606, 177 L.Ed.2d 184 (2010) (noting that the Supreme Court has held "for many years . . . that the liberties protected by Substantive Due Process do not include economic liberties" (quotation omitted)).

Helm also was not deprived of procedural due process because he had the opportunity to contest the notice to cease and desist at his misdemeanor criminal

---

[1] Helm also appears to misread to word "contracting" in the notice to cease and desist as preventing him from entering into *all* contracts. To the extent that this is his argument, the notice to cease and desist clearly informed Helm to cease the practice of contracting without a license because it is a violation of Florida law to practice as a "Certified General Contractor" without a license, and in no way prohibited Helm from entering into all contracts.

trial where he was convicted for contracting without a license, and the notice itself provides that should the DBPR seek to enforce the notice it will do so through proceedings in court.

We have held that a district court need not allow an amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

The district court also did not abuse its discretion in dismissing Helm's complaint with prejudice because he repeatedly failed to cure the deficiencies in his complaint, and allowing him further attempts to amend would be futile. *See Bryant*, 252 F.3d at 1163.

Because we hold that the district court properly dismissed Helm's complaint with prejudice based on qualified immunity, we decline to address whether the state employees were also entitled to Eleventh Amendment immunity. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (holding that "we may affirm for any reason supported by the record" (quotation omitted)); *see also GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1251 n.13 (11th Cir. 2012), *cert denied*, 133 S.Ct. 856 (2013) (declining to address the Eleventh Amendment

5

issue because none of the plaintiff's counts stated a claim to relief).  Accordingly, we affirm.

**AFFIRMED.**