[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11116
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00129-BAE-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO CRUZ-CAMACHO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 8, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Eduardo Cruz-Camacho appeals his convictions and 63-month total sentence

for conspiracy to deal in firearms without a license, in violation of 18 U.S.C. §§

371, 922(a)(1)(A), dealing in firearms without a license, in violation of 18 U.S.C. §

922(a)(1)(A), and being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). On appeal, Cruz-Camacho argues that: (1) the district court erred under Federal Rule of Evidence 404(b) by allowing the government to cross-examine Cruz-Camacho about an extrinsic drug arrest without providing proper pre-trial notice; (2) the district court erred under Federal Rule of Criminal Procedure 16(a)(1)(E) by allowing the government to cross-examine Cruz-Camacho about the extrinsic drug arrest, even though the government did not disclose the police report of the incident in its discovery responses; and (3) the district court erred by imposing an obstruction of justice sentencing enhancement because Cruz-Camacho made no false material statements at trial. After careful review, we affirm.

We review a district court's evidentiary rulings for clear abuse of discretion. United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003). We review discovery rulings for abuse of discretion. United States v. Campa, 529 F.3d 980, 992 (11th Cir. 2008). When reviewing for abuse of discretion, we must affirm unless we find that the district court has made a clear error of judgment or has applied the wrong legal standard. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). We review for clear error the district court's factual findings necessary for an obstruction of justice enhancement based on perjury, and accord great deference to the district court's credibility determinations. United States v. Ram Kumar

Singh, 291 F.3d 756, 763 (11th Cir. 2002). In so doing, we give due deference to the district court's application of the guidelines to the facts and review the district court's application of law to those facts de novo. Id. We may affirm on any ground that finds support in the record. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

First, we are unpersuaded by Cruz-Camacho's claim that the district court erred under Federal Rule of Evidence 404(b) concerning the government's cross-examination of Cruz-Camacho. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). "On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable notice of the general nature of any [evidence of a crime, wrong, or other act] that the prosecutor intends to offer at trial; and (B) do so before trial -- or during trial if the court, for good cause, excuses lack of pretrial notice." Fed.R.Evid. 404(b)(2). Rule 404(b)'s notice requirement applies even where the government seeks to admit extrinsic evidence for impeachment purposes. United States v. Bradley, 644 F.3d 1213, 1273 (11th Cir. 2011).

Rule 404(b), however, "deal[s] with the admission of evidence," not references to incidents used solely to impeach the defendant. United States v. Smalley, 754 F.2d 944, 951 (11th Cir. 1985) (emphasis omitted). Where the

3

district court does not actually receive into evidence anything proffered by the government, and the government simply refers to a prior bad act during cross-examination to impeach an assertion made by the defendant during his direct examination, Rule 404(b) does not apply and the government's cross-examination is proper. Id. Indeed, matters affecting the credibility of the witness are always relevant on cross-examination. Id. The credibility of a witness may be attacked by reference to specific instances of his conduct. Id.

Here, the district court did not abuse its discretion by allowing the government to question Cruz-Camacho about his prior drug arrest, because the government's questions were relevant and did not implicate Rule 404(b). On direct examination, Cruz-Camacho testified that he was afraid of marijuana users, and was coerced into selling firearms by the ATF's marijuana-smoking confidential informant. By questioning Cruz-Camacho about his prior possession of a marijuana-like drug, the government sought to impeach the credibility of his testimony regarding his fear of marijuana users, which was a relevant inquiry. Id. Moreover, the relevance and notice requirements of Rule 404(b) do not apply here because the government did not seek to actually admit evidence of Cruz-Camacho's prior bad act -- such as a police report, recording, charge, or record of conviction -- but simply sought permission to ask him about the matter.

4

Nor do we agree with Cruz-Camacho's argument that the district court erred under Federal Rule of Criminal Procedure 16(a)(1)(E) by allowing the government to cross-examine Cruz-Camacho about the extrinsic drug arrest without disclosing in discovery the police report of the incident.  Under the Rule, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed.R.Crim.P. 16(a)(1)(E).  Notably, an item in the first category -- preparation for the defense -- need not be disclosed unless the defendant demonstrates that the item is material to such preparation.  United States v. Jordan, 316 F.3d 1215, 1250 (11th Cir. 2003).  A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense.  Id.  Rather, the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense.  Id.

In this case, the district court did not abuse its discretion under Rule 16 because Cruz-Camacho did not make a sufficiently specific request for the police report.  In his discovery motion, Cruz-Camacho simply recited the language of

5

Rule 16 and never requested materials relating to his disdain for drugs. Nor, at the time of his discovery motion, did Cruz-Camacho demonstrate that a police report for an extrinsic drug arrest would be material to the preparation of his defense against unlicensed firearm dealing charges. Id. Thus, Cruz-Camacho's bare recitation of Rule 16's statutory language did not constitute a sufficiently specific request for the police report, nor did it explain why the police report would be material to his defense. Id. Accordingly, the government did not violate Rule 16 by failing to disclose the police report in its discovery responses.

Finally, we reject Cruz-Camacho's claim that the sentencing court erred by imposing an obstruction-of-justice enhancement. A two-level enhancement is proper if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The enhancement applies to a range of obstructive conduct, including perjury. Id., comment. (n.4(B)). A defendant commits perjury by providing false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. Singh, 291 F.3d at 763. For purposes of the guideline, "material" evidence is evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination. U.S.S.G. § 3C1.1, comment. (n.6).

The district court should make specific findings as to each alleged instance of obstruction by identifying the materially false statements individually. Singh, 291 F.3d at 763. However, a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding. Id.

In this case, the district court committed no clear error in finding that Cruz-Camacho perjured himself at trial, thus warranting an obstruction of justice enhancement under U.S.S.G. § 3C1.1. As the record shows, Cruz-Camacho made several false statements throughout the trial material to his entrapment defense -- testifying that he feared marijuana users, but later admitting that he previously carried a marijuana-like drug for a friend; testifying that he changed his phone number to avoid the fearsome confidential informant, but later testifying that he changed his phone number because he damaged his previous phone; and testifying that he was coerced into selling firearms, yet demonstrating a repeated and willingness to sell firearms to the ATF agents with unsolicited visits, pronounced negotiation skills, and business savvy. All of these instances serve as factual predicates necessary for a perjury finding. Thus, based on Cruz-Camacho's numerous false material statements, and affording great deference to the district court's credibility determinations, the district court did not err in applying the obstruction-of-justice enhancement to Cruz-Camacho's sentence.

7

**AFFIRMED**.