[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12146
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22409-UU,
1:12-cr-20937-UU-1

QUANDRE COUNCIL,
Individually,

                                                      Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2017)

Before TJOFLAT, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Quandre Council, a federal prisoner serving a 96-month sentence for Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In his initial motion and on appeal, Mr. Council argues that his conviction for Hobbs Act robbery does not constitute a crime of violence for purposes of 18 U.S.C. § 924(c) after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and because it does not categorically qualify as a crime of violence under the "use of force" clause.

## I

In denying Mr. Council's § 2255 motion, the district court held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s "use-of-force" clause, but found that the (residual) "risk-of-force" clause of § 924(c) was unconstitutionally vague in light of *Johnson*.  Thereafter, Mr. Council requested and was granted a certificate of appealability on "whether a conviction for Hobbs Act robbery categorically qualifies as a 'crime of violence' under § 924(c)'s 'use-of-force' clause in light of *Johnson*."

## II

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error.  *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  We can affirm for any reason

supported by the record, even if not relied upon by the district court. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

## III

The Supreme Court invalidated the "residual clause" of the Armed Career Criminal Act, 28 U.S.C. § 924(e), in *Johnson*, but made clear that its decision did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.

A separate provision requires additional penalties for a defendant who uses a firearm during a violent felony or a drug trafficking crime. *See* § 924(c). This provision defines a "crime of violence" as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). The "risk-of-force clause," Section 924(c)(3)(B), uses language similar to that found in § 924(e)'s now-unconstitutional residual clause, and that forms the basis for Mr. Council's argument. Unfortunately for Mr. Council, we recently held in *Ovalles v. United States*, 861 F.3d 1257, 1267 (11th Cir. 2017), that § 924(c)'s "risk-of-force" (i.e., residual) clause is not unconstitutionally vague. In making our assessment, we noted "material textual differences" between the clauses. *See id.* at 1263. We also explained that § 924(c) "is not concerned with

3

recidivism, but rather with whether the instant firearm was used during and in relation to the predicate crime of violence." *Id.* at 1265. Because of the close nexus needed between a firearm offense and a predicate crime, a § 924(c) residual clause "crime of violence determination [is] more precise and more predictable" than a residual clause determination under § 924(e). We thus held that textual and application differences between § 924(c) and § 924(e) allow § 924(c)'s "risk-of-force" clause to withstand attack under *Johnson*. *Id.* at 1266.

## IV

Given our decision in *Ovalles*, Mr. Council's sentence is affirmed.

**AFFIRMED.**