[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-15383
Non-Argument Calendar

————————————————

D.C. Docket No. 1:16-cr-20530-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONEY WENDELL OLIVER, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(March 26, 2019)

Before JILL PRYOR, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Roney Oliver, Jr., a federal prisoner, appeals the district court's orders (1) dismissing Oliver's motion to correct, amend, or vacate a forfeiture order and (2) granting the government's motion for a preliminary order of forfeiture of substitute property.  No reversible error has been shown; we affirm in part and dismiss in part.

In 2016, a federal grand jury returned a two-count indictment  --  charging Oliver with drug trafficking offenses -- in violation of 21 U.S.C. §§ 841 and 846. The indictment also included a forfeiture allegation.

Pursuant to a written plea agreement, Oliver pleaded guilty to Count 1 of the indictment in exchange for the government's dismissal of Count 2.  Oliver also agreed to forfeit property constituting, or derived from, proceeds obtained as a result of Oliver's offense and property used or intended to be used to commit that offense.

Oliver and the government then moved jointly for a preliminary order of forfeiture.  Pursuant to the parties' proposed Consent Order of Forfeiture, Oliver agreed to the entry of a forfeiture money judgment of $1,000,000.  Oliver also agreed that, if he failed to satisfy in full the forfeiture money judgment within six

2

months of sentencing, the government could seek forfeiture of substitute property -- including Oliver's residence in Miami, Florida.

In March 2017, the district court sentenced Oliver to 72 months' imprisonment followed by 5 years' supervised release.  The district court also signed the proposed Consent Order of Forfeiture.

About six months later -- in September 2017 -- Oliver filed a "Motion to Correct, Amend, or Vacate Forfeiture Order and for Return of Excess Forfeiture." Oliver argued that the district court lacked authority to enter a forfeiture money judgment against him.  Oliver also contended that the forfeiture judgment was unenforceable against conditional substitute assets, including his Miami home.

The government responded that Oliver's motion was an unauthorized and untimely collateral attack on his sentence.  As a result, the government argued that the district court lacked authority to adjudicate the motion or to make a substantive alteration to Oliver's sentence.

The district court agreed with the government's jurisdictional arguments and, thus, dismissed Oliver's motion for lack of jurisdiction.  In the alternative, the district court also determined that the forfeiture amount was calculated properly and, thus, denied Oliver's motion.

3

Meanwhile -- because Oliver had failed to satisfy timely his forfeiture judgment -- the government sought to forfeit on substitute property. The district court granted the motion and issued a Preliminary Order of Forfeiture of Oliver's Miami home.

I.

On appeal, Oliver argues that the district court should have granted his Motion to Correct, Amend, or Vacate because the forfeiture money judgment imposed against him was not authorized by statute and, thus, violated the separation of powers doctrine.

We have said that "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." United States v. King, 751 F.3d 1268, 1277 (11th Cir. 2014).

In his appellate brief, Oliver raises no substantive challenge to the district court's leading determination: that the Court lacked jurisdiction over Oliver's Motion to Correct, Amend, or Vacate. Oliver challenges, instead, only the district court's alternative ruling in which the court denied Oliver's motion on the merits.

4

Because Oliver has failed to challenge the district court's jurisdictional ruling in his appellate brief, he has abandoned that issue.  Accordingly, we affirm the district court's dismissal -- for lack of jurisdiction -- of Oliver's Motion to Correct, Amend, or Vacate the Forfeiture Order.

## II.

Oliver also challenges the district court's Preliminary Order of Forfeiture of substitute property as a violation of third-party due process rights.  We dismiss as moot this portion of Oliver's appeal.

"Whether a case is moot is a question of law that we review de novo." United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).  "The fundamental question with respect to mootness is whether events have occurred subsequent to the filing of an appeal that deprive the court of the ability to give the appellant meaningful relief."  Id. (quotations and alterations omitted).

Here, the record demonstrates that -- after Oliver filed his notice of appeal -- Oliver's wife satisfied in full the outstanding money judgment against Oliver.  As a result, the government released its interest in Oliver's Miami house.  Because the government no longer seeks forfeiture of the Miami house -- or, for that matter,

5

any additional forfeiture from Oliver -- we can grant Oliver no meaningful relief on appeal.  We, thus, dismiss as moot Oliver's challenge to the district court's order of forfeiture of substitute property.

AFFIRMED IN PART; DISMISSED IN PART.