[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11847
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00071-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIEN FOLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 9, 2020)

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Damien Foley, a federal prisoner proceeding *pro se*, appeals following the denial of his post-judgment 18 U.S.C. § 3582(c) motion for reduction of his total sentence. On appeal, he argues that the district court erred in denying his motion to reduce his sentence because he has not been resentenced, as he claims was his entitlement, under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2–3, 124 Stat. 2372. Because Foley was sentenced under a statute that was not modified by the Fair Sentencing Act, he is not entitled to seek relief under § 3582(c), and we affirm.

## I

We review the scope of the district court's legal authority to reduce a sentence *de novo*. *United States v. Puentes*, 803 F.3d 597, 605 (11th Cir. 2015) (citation omitted). It is well-established that a district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by statute or rule." *Id.* at 606. Section 3582(c) prevents district courts from modifying a sentence unless one of the exceptions listed in that provision is met. One of those exceptions, relevant here, is that a district court may "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." § 3582(c)(1)(B). "[W]e may affirm for any reason supported by the record," even

2

if the district court did not rely on it. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation marks and citation omitted).

Foley contends that the Fair Sentencing Act of 2010, which was made retroactive to his offense through the First Step Act of 2018, permits him to be resentenced. The First Step Act made sections 2 and 3 of the Fair Sentencing Act retroactively applicable to defendants who were sentenced for a covered drug offense before the Fair Sentencing Act's enactment on August 3, 2010. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194. The First Step Act authorized, but did not require, a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). It defined a "covered offense" as a "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a).

Sections 2 and 3 of the Fair Sentencing Act reduced statutory penalties for certain offenses involving crack cocaine. §§ 2–3, 124 Stat. at 2372. Specifically, section 2 of the Fair Sentencing Act reduced the disparity between the quantities of crack cocaine and powder cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). *Id.* § 2; *see Dorsey v. United States*, 567 U.S. 260, 264 (2012) (stating that the Fair Sentencing Act "reduc[ed] the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1"). Section 3

3

eliminated the mandatory minimum sentence for simple possession in 21 U.S.C. § 844(a).  Fair Sentencing Act § 3, 124 Stat. at 2372.

## II

We hold that Foley's claim for relief under § 3582(c)(1)(B) fails because he was not convicted and sentenced under a "covered offense" within the meaning of the First Step Act.  In 2008, a grand jury charged Foley with (1) possession with intent to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II)[1] (Count 1); (2) possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 2); and (3) possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  Foley agreed to plead guilty to a lesser-included offense in Count 1—possession with intent to distribute an unspecified quantity of cocaine base.[2]  Foley's plea agreement stated that Foley understood that his guilty plea "constitute[d] proof of the lesser included offense of Count

---

[1] Although the charging document cites 21 U.S.C. § 841(b)(1)(B)(ii)(II) (2006) (setting a mandatory minimum and maximum penalty for possessing "500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine, its salts, optical and geometric isomers, and salts of isomers"), it seems to describe conduct that is covered only by 21 U.S.C. § 841(b)(1)(B)(iii) (2006) (setting a mandatory minimum and maximum penalty for possessing "5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base").  The error does not affect our analysis here, both (1) because the penalties for the crime with which Foley was charged and the crime for which he probably should have been charged are the same and (2) because Foley ultimately pleaded guilty to a lesser-included offense.

[2] Foley also pled guilty to Count 2 and was sentenced to 120-months imprisonment for that count to be served concurrently with his 151-months sentence for Count 1.

One, that is to say, without any drug quantity threshold being alleged for penalty enhancing purposes."

Since Foley pled guilty to possessing, with the intent to distribute, an unspecified quantity of cocaine base, he was sentenced under § 841(b)(1)(C).[3] *See, e.g.*, *United States v. Gallego*, 247 F.3d 1191, 1197 (11th Cir. 2001) (explaining that when there is a conviction with no quantity determination, "a defendant is subject to the penalties prescribed in 21 U.S.C. § 841(b)(1)(C)"); *United States v. Razz*, 387 F. Supp. 3d 1397, 1407 (S.D. Fla. 2019) (stating that the defendant's conviction "would now fall under Section 841(b)(1)(C) because [that count] involved a Schedule II controlled substance, but in an insufficient quantity to trigger the Section 841(b)(1)(B) penalties").  Sections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 844(a), 960(b)(1)(C), and 960(b)(2)(C)—but, importantly here, *not* § 841(b)(1)(C).

## III

Because the district court sentenced Foley under § 841(b)(1)(C), which was not modified by section 2 or 3 of the Fair Sentencing Act, Foley is not eligible for relief.  The district court did not err in denying Foley's motion.

**AFFIRMED.**

---

[3] Foley does not dispute that he was sentenced under § 841(b)(1)(C), but instead argues that § 841(b)(1)(C) is a covered offense under the First Step Act.  For the reasons stated above, we reject that argument.

5