[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13008

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL D. BEITER, JR.,

Defendant- Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60202-JIC-1

————————————————

Before LAGOA, BRASHER and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael D. Beiter, Jr., a federal prisoner proceeding *pro se*, appeals the District Court's denial as moot of his *pro se* motion to compel the Supervisory Assistant Federal Public Defender ("AFPD") to surrender his entire case file from his criminal case. On appeal, he repeats the merits of his underlying motion, including that he needs his case file from the AFPD to prepare a post-conviction motion, and asks this Court to vacate the District Court's order and demand that it set a deadline within which the AFPD must produce his file.

The government responds by moving for summary affirmance of the District Court's order denying Beiter's motion and argues that Beiter's appeal is frivolous because the AFPD had already agreed to produce the case file, so the District Court did not need to order him to do so, and Beiter failed to establish why it was so urgent that the AFPD produced his file immediately when the time period for him to file a 28 U.S.C. § 2255 post-conviction motion for relief expired over ten years ago.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."

*Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Under Article III of the Constitution, a federal court's jurisdiction is limited to active "cases" and "controversies." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). A case on appeal becomes moot and ceases to be an active case or controversy when an event that occurred at a stage of litigation deprives the court of the ability to give the appellant meaningful relief. *Id.*; *see also Christian Coal of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011).

Here, the government is entitled to summary affirmance of the District Court's order denying Beiter's motion to compel the AFPD to turn over his entire case file because Beiter's appeal is frivolous. *Groendyke Transp.*, 406 F.2d at 1162. The record demonstrates that the AFPD responded to Beiter's motion to compel and confirmed that he was reviewing the voluminous case file to ensure that it did not violate the District Court's protective order. Beiter has not demonstrated why he suddenly, 11 years after his conviction, needs his entire case file from the AFPD within 10 business days. After the AFPD responded and agreed to provide Beiter with his case file after he finished reviewing it, there was no live controversy for the District Court to resolve and no relief for it to grant Beiter, so Beiter's motion to compel was moot. *See Al-Arian*, 514 F.3d at 1189. Thus, Beiter's appeal is frivolous, and the government is entitled to summary affirmance.

4                          Opinion of the Court                    22-13008

Therefore, we **GRANT** the government's motion for summary affirmance of the District Court's denial of Beiter's *pro se* motion to compel, and **DENY** as moot its motion to stay the briefing schedule.