[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13876
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60052-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHANIE LORRAINE PRENDERGAST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephanie Prendergast appeals her convictions for making a false claim of United States citizenship with the intent to obtain a state benefit, 18 U.S.C. § 1015(e), and using or attempting to use a false, forged, counterfeited, or altered passport, 18 U.S.C. § 1543. On appeal, Prendergast asserts that the district court erred by denying her post-verdict motion for a new trial, arguing that the district court improperly applied the materiality standard under *Brady v. Maryland*, 373 U.S. 83 (1963), rather than the materiality standard under *Giglio v. United States*, 405 U.S. 150 (1972). She contends that she was entitled to a new trial under *Giglio* because the government withheld or suppressed the existence of a fake or fraudulent passport with similar biographical information on it as the one involved in her case, which, if it had been disclosed, would have shown that the testimony of two witnesses was false.

We review the district court's denial of a new trial motion asserting a *Brady* or *Giglio* claim for abuse of discretion. *See United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002). We review a district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Moya*, 74 F.3d 1117, 1119 (11th Cir. 1996). And we may affirm for any reason supported by the record, even if not relied upon by the district court. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

To prove a *Brady* violation, the defendant must establish that:

2

> (1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different.

*United States v. Stein*, 846 F.3d 1135, 1146 (11th Cir. 2017) (quoting *Vallejo*, 297 F.3d at 1164). *Giglio* errors, which are a "species" of *Brady* errors, require the defendant to establish that:

> (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material *i.e.*, that there is any reasonable likelihood that the false testimony could have affected the judgment.

*Stein*, 846 F.3d at 1147 (quoting *Ford v. Hall*, 546 F.3d 1326, 1331-32 (11th Cir. 2008)). Like *Brady* errors, new trials are not required whenever "a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict[.]" *Giglio*, 405 U.S. at 154 (quoting *United States v. Keogh*, 391 F.2d 138, 148 (2d Cir. 1968)). Furthermore, "the suggestion that a statement may have been false is simply insufficient; the defendant must conclusively show that the statement was actually false." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1313 (11th Cir. 2005); *see also Stein*, 846 F.3d at 1150. But the *Giglio* materiality standard "is more defense-friendly than *Brady*'s," because *Giglio* requires a new trial unless the district court finds

3

that the false testimony was harmless beyond a reasonable doubt.  *Stein*, 846 F.3d at 1147.


No error occurred as to the district court's choice of materiality standard because Prendergast failed to establish the materiality prong under any relevant standard.  Prendergast also failed to establish that the government suppressed the existence of the Suresh Benny case or any information related to the case because it disclosed both Suresh Benny's name and his offense's potential relation to Prendergast's charged offense before trial.  Lastly, Prendergast failed to establish that Williams or Vila presented false testimony.  Neither Williams nor Vila suggested that they possessed any knowledge about what happened to Prendergast's passport after Williams gave it to her supervisor.

**AFFIRMED**.