[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10333
Non-Argument Calendar

_____

D.C. Docket No. 2:95-cr-00129-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE CLAY MEANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 11, 2019)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Willie Clay Means, a federal prisoner proceeding pro se, appeals the district

court's denial of 13 various motions for relief from his sentence, including claims

made under 18 U.S.C. § 3582(c)(2) based on the First Step Act of 2018 and claims

challenging a sentencing enhancement under 28 U.S.C. § 851.  On appeal, Means argues that: (1) under the First Step Act of 2018, he is entitled to a lower sentence for his crack cocaine-related convictions; and (2) his sentence was improperly enhanced under 21 U.S.C. § 851 because one of his prior felony drug convictions was comprised of the same conduct as his felony convictions in his instant case. After thorough review, we affirm.

We review de novo the district court's conclusions about the scope of its legal authority under § 3582(c)(2).  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).  We also review de novo issues about the district court's subject matter jurisdiction.  United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).  We may affirm for any reason supported by the record.  Id.  Further, while we liberally construe pro se pleadings, an argument not raised in the appellant's opening brief is deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).[1]

First, we are unpersuaded by Means's claim that he is entitled to a lower sentence for his crack cocaine-related convictions based on the First Step Act of 2018.  A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A defendant is

---

[1] As a result, Means has abandoned any challenge to the denial of his 13 motions beyond those concerning the First Step Act and to his § 851 enhancement because he did not raise those arguments in his initial brief.  Id.

eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guideline range as calculated by the sentencing court. U.S.S.G. § 1B1.10, comment. (n.1(A)). A reduction is not authorized when a statutory provision, such as a mandatory minimum sentence, precludes an applicable amendment from lowering the guideline range. Id. Moreover, a district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guidelines amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). So, when a defendant's crime has a mandatory minimum sentence that exceeds the guideline range calculated from his total offense level and criminal history category, the defendant's guideline range is based on the mandatory minimum sentence. United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010).

A defendant convicted of one of the enumerated offenses in 21 U.S.C. § 841(b)(1)(A) is subject to an enhanced mandatory minimum or maximum sentence if he has committed a prior qualifying drug offense. 21 U.S.C. § 841(b)(1)(A). The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-

year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Id. § 2(a)(1)-(2). Then, § 404 of the First Step Act made these changes retroactive to prisoners convicted on or before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act authorizes the court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. § 404(b). Under the First Step Act, a "covered offense" includes a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 of the Fair Sentencing Act of 2010, that was committed prior to August 3, 2010. Id. § 404(a).

The First Step Act also amended 21 U.S.C. § 841(b)(1)(A) by changing the types of prior convictions that trigger a mandatory penalty from one or more prior convictions for "felony drug offense[s]" to one or more "serious drug offense[s]." Id. § 401(a)(1). Additionally, the First Step Act changed the mandatory minimum sentence for defendants who had two or more such prior convictions from life imprisonment to 25 years' imprisonment. Id. However, this portion of the First Step Act was not made retroactive to defendants who were sentenced before the Act's enactment on December 21, 2018. See id. § 401(c).

Here, the district court properly denied Means's § 3582(c)(2) motions. The First Step Act's changes to the triggering quantities of cocaine for the imposition of

4

the mandatory sentencing scheme under § 841 do not impact Means's sentence because he was attributed with over five kilograms of cocaine, far in excess of the new 280-gram triggering amount. See 21 U.S.C. § 841(b)(1)(A)(iii). And contrary to Means's arguments, the First Step Act modified only the relevant drug quantities for triggering the mandatory sentencing scheme in § 841, but did not modify the process by which the district court imposes a sentence, including its ability to determine the quantity of drugs attributable to a defendant for sentencing purposes. See First Step Act of 2018 § 404(b); U.S.S.G. § 2D1.1, comment. (n.5). Thus, even if he were sentenced under the revised statute, Means would still be subject to the statute's mandatory sentencing scheme and a maximum sentence of life imprisonment based on the drug quantity attributed to him. See 21 U.S.C. § 841(b)(1)(A)(iii). Moreover, the First Step Act made clear that its changes to the mandatory sentence for a defendant with two prior felony drug convictions did not apply retroactively to defendants sentenced prior to December 21, 2018, like Means, who was sentenced in 1996. See First Step Act of 2018 § 401(c). Therefore, even after the First Step Act, Means is still subject to a mandatory life sentence because of his prior convictions.

We also reject Means's claim that his sentence was improperly enhanced under 21 U.S.C. § 851, which sets forth the procedure necessary to establish a defendant's prior convictions. A federal prisoner seeking to collaterally challenge

his conviction or sentence may move the court that imposed the sentence to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). In order to file a second or successive § 2255 motion to vacate, a prisoner must first obtain authorization from our Court, which requires a showing of either newly discovered evidence of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Here, Means's challenge to his § 851 enhancement -- arguing that the enhancement did not apply because one of his prior felony drug convictions was comprised of the same conduct as his felony convictions in this case -- was a claim attacking his sentence. As a result, he needed to bring the claim in a motion to vacate his sentence under § 2255. See 28 U.S.C. § 2255(a). And, because Means previously litigated a § 2255 motion that was disposed of on the merits, he was required to seek authorization from our Court to file a successive § 2255 motion. See id. § 2255(h). Without any authorization, the district court lacked jurisdiction to entertain Means's claim. See Farris, 333 F.3d at 1216. While the district court denied rather than dismissed this claim, it referenced § 2255(h) in doing so, and we may affirm on any ground. See Al-Arian, 514 F.3d at 1189.

6

**AFFIRMED**.