[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10380
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00368-WFJ-JSS-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

DARINEL HERNANDEZ-LORENZO,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 22, 2019)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Darinel Hernandez-Lorenzo appeals his fourteen-month sentence, imposed following his guilty plea to illegal reentry in violation of 8 U.S.C. § 1326(a). He argues that his sentence, which constituted an eight-month upward variance, was procedurally unreasonable because the district court considered prior illegal entries for which he was never charged or convicted, used those events to vary from his advisory sentencing guidelines range, and failed to address other sentencing factors under 18 U.S.C. § 3553(a). He also argues that his sentence was substantively unreasonable because it was more than double the top end of his guidelines range and because the district court did not conduct a meaningful review of the § 3553(a) sentencing factors. After reviewing the record and the parties' briefs, we affirm.

## I

Mr. Hernandez-Lorenzo is a native and citizen of Mexico. In August of 2018, United States Immigration and Customs Enforcement agents determined that Mr. Hernandez-Lorenzo—who at the time was going by the alias "Mariano Perez"—was in the United States without permission after a prior removal. He was arrested and charged with illegal reentry in violation of 8 U.S.C. § 1326(a). He pled guilty to the charge on October 16, 2018, and the district court subsequently held a sentencing hearing on January 16, 2019.

According to the presentence investigation report, Mr. Hernandez-Lorenzo first entered the United States illegally in 1998 and was arrested, convicted, and

2

deported in 2003 with an order prohibiting his return for ten years. In 2005, he was apprehended attempting to enter the United States and returned to Mexico. Several days later, he reentered illegally, but was apprehended and deported again. Later in 2005, he returned illegally to the United States and left voluntarily a few weeks later. In 2006, Mr. Hernandez-Lorenzo reentered and began working in the agricultural fields using fraudulent identification documents. In 2015, he purchased a legal permanent resident card with his picture and the alias Mariano Perez. He obtained employment with the fraudulent card, was laid off, and was later rehired without new documentation. The report described Mr. Hernandez-Lorenzo's use of the fraudulent legal permanent resident card as an attempt to conceal his identity and prior deportations. It also described an arrest for other, unrelated criminal conduct.

Mr. Hernandez-Lorenzo received a base-offense level of eight under U.S.S.G. § 2L1.2(a) and a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The probation office calculated Mr. Hernandez-Lorenzo's advisory sentencing guidelines range at zero to six months' imprisonment, based on a total offense level of six and a criminal history category of I.

At the sentencing hearing, Mr. Hernandez-Lorenzo objected to paragraph 17 of the presentence investigation report, arguing that he did not obtain fraudulent documents to conceal his identification but only to obtain employment. He also objected to the accuracy of the criminal conduct described in paragraph 38. Other

than those two objections, Mr. Hernandez-Lorenzo did not object to the factual accuracy of the report, including the description of his prior illegal entries and removals. He also did not object to the calculation of the guidelines range.

The district court accepted that Mr. Hernandez-Lorenzo obtained fraudulent documents to obtain work, not to conceal his identification, and stated that this conduct would not affect his sentence. The district court did not take a position on the other arrest described in the report and disregarded it entirely for sentencing. The district court adopted the report's guidelines range of zero to six months, based on an offense level of six and a criminal history score of I.

The district court imposed a sentence of fourteen months' imprisonment, to be followed by one year of supervised release. The district court considered Mr. Hernandez-Lorenzo's desire to work and his economic situation, and accepted his reason for obtaining false identification. The district court also considered that by illegally reentering and staying in the United States multiple times, Mr. Hernandez-Lorenzo had committed at least eight felonies. The district court therefore imposed a sentence above the top end of the guidelines range. In the court's view, Mr. Hernandez-Lorenzo was a "repeated, habitual felony" offender who "doesn't seem to particularly follow the law." D.E. 46 at 12. Mr. Hernandez-Lorenzo's only objection to the sentence was that it was an upward variance from the guidelines range.

Bureau of Prisons records indicate that Mr. Hernandez-Lorenzo was released from federal custody on July 31, 2019, during the pendency of this appeal. *See Federal Bureau of Prisons Inmate Locator, available at* https://www.bop.gov/inmateloc/. On appeal, he argues that his sentence was both substantively and procedurally unreasonable.

## II

Both parties filed their briefs prior to Mr. Hernandez-Lorenzo's release and understandably neither addressed mootness. We consider it on our own accord because it is a jurisdictional issue. *See Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005). A federal court's jurisdiction is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "A case on appeal becomes moot, and ceases to be a case or controversy, when it no longer presents a live controversy with respect to which the court can give meaningful relief." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (internal quotations omitted). A court must resolve the question of whether it can provide meaningful relief before assuming jurisdiction. *See id.*

A sentencing appeal is generally moot when the defendant has already served his sentence, *see United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir. 1991), unless the defendant demonstrates some "collateral consequences" flowing from the sentence imposed. *See Spencer v. Kemna*, 523 U.S. 1, 3, 14–17 (1998). *See also*

5

*Minnesota v. Dickerson*, 508 U.S. 366, 371 n.2 (1993) ("[T]he possibility of a criminal defendant's suffering collateral legal consequences from a sentence already served precludes a finding of mootness.") (internal quotation marks and citations omitted).  We have declined to dismiss an appeal as moot if the defendant served his prison sentence but was still on supervised release.  *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995).  Because Mr. Hernandez-Lorenzo remains on supervised release, *see* D.E. 46 at 11, his case is not moot, and we proceed to the merits of his appeal.

### III

Mr. Hernandez-Lorenzo argues that his sentence was procedurally unreasonable because the district court (1) improperly calculated the guidelines range "by suggesting the uncharged events [in the presentence investigation report] should have increased [Mr. Hernandez-Lorenzo's] criminal history category," (2) used those events to enhance his guidelines range, and (3) failed to address other sentencing factors under 18 U.S.C. § 3553(a).  *See* Appellant's Br. at 6.

Mr. Hernandez-Lorenzo did not object in the district court to his sentence being procedurally unreasonable, and when asked specifically whether he objected to the calculation of his guidelines range, he responded that he had no objection.  *See* D.E. 46 at 7.  After the district court imposed his sentence, he objected only that it was an upward variance from the guidelines range.  *Id.* at 12.  Accordingly, we

review the procedural reasonableness of his sentence only for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under this stringent form of review, a defendant must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *See id.*

The district court did not commit plain error. First, it did not use Mr. Hernandez-Lorenzo's prior illegal entries to increase the sentencing guidelines range; indeed, Mr. Hernandez-Lorenzo received a criminal history score of one, which placed him in the lowest possible criminal history category of I. The district court did consider his prior illegal entries and removals in weighing the § 3553(a) factors, *see* D.E. 46 at 10, but it was entitled to do so because Mr. Hernandez-Lorenzo did not object to the inclusion of those facts in the presentence investigation report. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a [presentence investigation report] admits those facts for sentencing purposes" and "precludes the argument that there was error in them.").

Further, the record demonstrates that in imposing the sentence, the district court adequately considered the § 3553(a) factors. It considered the history and characteristics of Mr. Hernandez-Lorenzo, the need to promote respect for the law, and the need to afford adequate deterrence, all factors under § 3553(a)(2). *See* D.E. at 10–12. The district court also considered the need to avoid unwarranted sentence

disparities among similarly situated defendants under § 3553(a)(6). *See id.* Although the court did not discuss each statutory factor, it was not required to do so. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (explaining that nothing "requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors") (internal quotations omitted).  Accordingly, the district court did not commit plain error.

## IV

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  We reverse only if we are left with the definite and firm conviction that the district court committed a clear error in judgment in weighing the § 3553(a) factors to arrive at a sentence outside of the reasonable range of sentences dictated by the facts of the case. *Id.* at 1190.  The weight that the district court gives to these factors is committed to its sound discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

A court normally must impose a sentence that is sufficient but not greater than necessary to achieve the purposes listed in § 3553(a)(2), such as affording adequate deterrence, promoting the respect for the law, and protecting the public from further crimes by the defendant. *See* § 3553(a)(2)(A)–(D).  The party challenging the

8

sentence bears the burden of proving that the sentence is unreasonable based on the totality of the circumstances and the § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "[I]t is only the rare sentence that will be substantively unreasonable." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013).

The sentence the district court imposed in this case was not substantively unreasonable. First, the sentence was below the two-year statutory maximum penalty that Mr. Hernandez-Lorenzo faced under 8 U.S.C. § 1326(a), which is a consideration favoring reasonableness. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256–57 (11th Cir. 2015). The sentence was an eight-month upward variance from the top end of the advisory guidelines range, but the district court had substantial justification for this upward variance, including the numerous prior illegal reentries into the United States to which Mr. Hernandez-Lorenzo did not object. The district court did not abuse its discretion in sentencing Mr. Hernandez-Lorenzo because, again, the record shows that it stated and consider the § 3553(a) factors, gave ample reasons for its sentence, and sentenced Mr. Hernandez-Lorenzo reasonably. Accordingly, we affirm.

**AFFIRMED.**