[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11970

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID EMANUL JONES,
a.k.a. David Emanuel Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:07-cr-00009-JDW-TGW-2

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

David Emanul Jones, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act.[1]  In support, he argues only that the district court erred in failing to acknowledge that it had the discretion to include the First Step Act's amendments to one of his statutes of conviction, 18 U.S.C. § 924(c), in its consideration of whether he demonstrated extraordinary and compelling circumstances supporting compassionate release.  He has also moved to "moot" the government's response brief due to its failure to respond to his initial brief by an initially extended deadline, which was extended further following two unsuccessful motions by Jones to appoint counsel.  Further, he has requested that we stay further appellate proceedings in light of two petitions for *certiorari* filed in cases arising in other circuits, both of which the Supreme Court has since denied.

The government has not responded to Jones's initial brief or his two motions.  Instead, it responds by moving for summary affirmance of the district court's denial of compassionate release and a stay of the briefing schedule.  It argues that our binding precedent forecloses Jones's claim that the district court was not bound by

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

U.S.S.G. § 1B1.13, and the court correctly found that he failed to show extraordinary and compelling circumstances within the constraints of that policy statement.

For ease of reference, we will first address the questions posed by Jones's two pending motions, followed by the issue of summary affirmance.

I.

Our Rules generally require an appellee to serve and file its brief within 30 days of service of the appellant's brief.  11th Cir. R. 31-1(a).  However, a pending motion for appointment of counsel tolls the preceding deadline, and allows the appellee to serve and file its brief within 40 days of our ruling on that motion.  *Id.* 31-1(b).  Moreover, an issue is moot when events have occurred that deprive us of the ability to give the appellant meaningful relief.  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

As discussed further *infra*, the circumstances under which a district court may grant compassionate release are narrow, and we have held that, in considering whether a movant has made the requisite showing that extraordinary and compelling circumstances support compassionate release, district courts may only consider those reasons enumerated in U.S.S.G. § 1B1.13.  *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).  Moreover, the Supreme Court recently denied *certiorari* in two appeals from other circuits addressing the circumstances that may constitute extraordinary and compelling reasons.  *See United*

*States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021), *cert. denied*, (U.S. Jan. 10, 2022) (No. 21-568) (determining that a district court may not include the First Step Act's amendment to § 924(c) in its consideration of whether extraordinary and compelling circumstances support compassionate release); *United States v. Watford*, 2021 WL 3856295 at 1 (7th Cir. 2021) (unpublished), *cert. denied*, (U.S. Jan. 10, 2022) (No. 21-551) (same).

Here, both of Jones's motions on appeal lack merit. First, as to his motion to "moot" the government's response brief, his first intervening motion to appoint counsel, which we denied, tolled the deadline for the government to file its response brief. In the meantime, the government moved for summary affirmance, and because we conclude *infra* that such relief is warranted, any request by Jones related to the government's response brief is now moot. *See Al-Arian*, 514 F.3d at 1189.

Second, Jones's motion to stay further appellate proceedings is also moot because the Supreme Court has denied *certiorari* in both of the decisions he relies on. *See id.*; *Jarvis*, 999 F.3d 442, *cert. denied*, (U.S. Jan. 10, 2022); *Watford*, 2021 WL 3856295, *cert. denied*, (U.S. Jan. 10, 2022).

Therefore, we hereby DENY both of the foregoing motions.

## II.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case,

or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Where appropriate, we will review a district court's denial of a prisoner's motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). An abuse of discretion occurs when a district court applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015).

However, an appellant "must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* In this respect, an appellant abandons a claim when he makes it only by passing reference or in a perfunctory manner without authority or argument in support. *United States v. Smith*, 967 F.3d 1196, 1204 n.5 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2538 (2021). Moreover, although *pro se* filings are construed liberally, all litigants must comply with the applicable procedural rules. *See United States v. Padgett*, 917 F.3d 1312, 1316 n.3, 1317 (11th Cir. 2019).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits.  18 U.S.C. § 3582(c)(1)(B).  In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners.  *See* First Step Act § 603.  As relevant here, the First Step Act also amended § 924(c), which previously imposed a 25-year mandatory minimum consecutive sentence for a second or subsequent § 924(c) conviction, even when both or all such convictions resulted from a single prosecution. *Smith*, 967 F.3d at 1210.  After the First Step Act, the 25-year mandatory minimum consecutive sentences now apply "only where the later conviction is for a § 924(c) violation that occurs after a previous one has become final.  *Id.*; *but see id.* at 1212–13 (holding that the foregoing does not apply retroactively to defendants sentenced before the enactment of the First Step Act).

Even after the First Step Act, however, a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).

In the context of compassionate release, the statute requires exhaustion of remedies and otherwise provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defend-
ant's facility, whichever is earlier, may reduce the
term of imprisonment . . . *after considering the fac-
tors set forth in [18 U.S.C.] section 3553(a) to the ex-
tent that they are applicable*, if it finds that—*extraor-
dinary and compelling reasons* warrant such a reduc-
tion.

*Id.* § 3582(c)(1)(A)(i) (emphasis added).  Thus, we have held that a
district court may reduce a term of imprisonment, under
§ 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor doing
so, (2) there are extraordinary and compelling reasons for doing so,
and . . . (3) doing so wouldn't endanger any person or the commu-
nity within the meaning of § 1B1.13's policy statement."  *United
States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation
marks omitted) (citing 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. §
1B1.13).  The district court may consider these factors in any order,
and the absence of any of the three forecloses a sentence reduction.
*See id.* at 1237–38.

Here, summary affirmance is appropriate because Jones has,
by failing to address the district court's finding that the § 3553(a)
factors weighed against compassionate release, abandoned any ar-
gument that it erred in denying compassionate release.  Because
that was an independent basis for the court's decision that he failed
to address, the government's position is clearly correct as a matter
of law.  *See Tinker*, 14 F.4th at 1237; *Sapuppo*, 739 F.3d at 680;
*Groendyke Transp., Inc.*, 406 F.2d at 116.

8                    Opinion of the Court                    21-11970

Therefore, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.