[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13324

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALTIUS WILLIX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:16-cr-00211-RAL-JSS-1

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Altius Willix, a federal prisoner proceeding pro se, appeals following the district court's denial of his post-judgment Federal Rule of Criminal Procedure 45(b)(1)(B) motion for an extension of time to file an attached Rule 34(a) motion to arrest the judgment against him. Willix argues that the district court erred in denying his motion as the district court lacked jurisdiction to enter the original judgment against him due to inconsistencies between the indictment and the jury instructions and verdict forms, and as any delay in the filing of the motion was excusable due to the failure of his former counsel to raise the issue. Rather than responding, the government has filed a motion for summary affirmance, arguing that Willix failed to provide good cause for the seven-year gap between the entry of judgment and the filing of the instant motion. The government further argues that the alleged errors identified by Willix lacked merit and that, even if they were meritorious, they would not have deprived the district court of jurisdiction.

Summary disposition is appropriate either where time is of the essence, such as where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial

question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[1]

We review questions of the district court's subject matter jurisdiction de novo, even if raised for the first time on appeal. *United States v. Gruezo*, 66 F.4th 1284, 1290 (11th Cir. 2023. "We may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation marks omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

District courts have jurisdiction to hear cases involving "offenses against the laws of the United States." 18 U.S.C. § 3231. "[A]ll that is necessary to vest the district court with jurisdiction" is for a valid indictment to charge a defendant with a federal crime. *United States v. McLellan*, 958 F.3d 1110, 1118 (11th Cir. 2020). Alleged errors in the jury instructions, including assertions that the district court omitted an element or constructively amended the charged offense, are not treated as jurisdictional defects to be reviewed de novo, but instead are subject only to plain error review where the defendant failed to raise the issue before the district court. *See id.* at 1119 (reviewing for plain error a defendant's argument on appeal that the district court impermissibly omitted an

---

[1] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

element of the offense from the jury instructions); *see also United States v. Madden*, 733 F.3d 1314, 1319–22 (11th Cir. 2013) (reviewing for plain error a defendant's argument on appeal that the district court's jury instruction constructively amended the charged offense).

Under 18 U.S.C. § 111(a)(1), a defendant violates the statute if he "forcibly assaults" a federal officer or employee "while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). If the defendant's acts "constitute only simple assault," he will be "imprisoned not more than one year." *Id.* § 111(a). If the defendant's acts "involve physical contact with the victim of the assault or the intent to commit another felony," the defendant will be "imprisoned not more than 8 years." *Id.* If the defendant "uses a deadly or dangerous weapon . . . or inflicts bodily injury," he will be "imprisoned not more than 20 years." *Id.* § 111(b). We have held that § 111 establishes three separate crimes because the first two crimes are set forth in § 111(a) and the third is contained within the enhanced penalty provision of § 111(b), and thus, § 111 is divisible. *United States v. Bates*, 960 F.3d 1278, 1286 (11th Cir. 2020).

Under 21 U.S.C. § 841(a)(1), no individual may knowingly or intentionally possess with intent to distribute a controlled substance. 21 U.S.C. § 841(a)(1). An individual who attempts or conspires to knowingly or intentionally possess with intent to distribute a controlled substance is subject to the same penalties as those prescribed for the offense. *Id.*; 21 U.S.C. § 846.

Rule 34 of the Federal Rules of Criminal Procedure allows a defendant to move to arrest the judgment against him if the court does not have jurisdiction over the charged offense.  Fed. R. Crim. P. 34(a).  This motion, however, must be filed within 14 days after the court accepts a verdict or finding of guilty, or after the defendant pleads either guilty or *nolo contendere*.  Fed. R. Crim. P. 34(b).  However, a district court may extend this deadline after it has already expired, but only "if the party failed to act because of excusable neglect."  Fed. R. Crim. P. 45(b)(1)(B).

As an initial matter, it is unclear on what basis the district court denied Willix's motion as the paperless order lacked an explanation.  However, we may affirm for any reason supported by the record, even if not relied upon by the district court.  *Al-Arian*, 514 F.3d at 1189.

Here, the district court did not err in denying Willix's motion.  It is uncontested that Willix's superseding indictment charged him with federal crimes, namely with violations of 18 U.S.C. § 111(a)(1) and 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846.  Thus, the district court had jurisdiction to hear the case.  *McLellan*, 958 F.3d at 1118; 18 U.S.C. § 3231.  Despite Willix's assertions, his argument that the district court erred by, in essence, constructively amending the charged offenses was not jurisdictional in nature.  *McLellan*, 958 F.3d at 1119; *Madden*, 733 F.3d at 1319–22.  Thus, even assuming *arguendo* that the district court's contested actions were errors, relief was not available under Rule 34(a) as the errors did not impact the district court's jurisdiction over the case.  *See* Fed. R. Crim. P.

34(a).  Accordingly, as the relief sought by Willix in the underlying motion was unavailable to him, the district court did not err in denying his motion for an extension of time to file.

Consequently, the government's position is clearly correct as a matter of law, no substantial question exists as to the outcome of the case, and it is entitled to summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Therefore, we GRANT the government's motion for summary affirmance and AFFIRM the district court's denial of Willix's motion.

**AFFIRMED.**