[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10044

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ADAM H. SMITH,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:22-cr-00026-LGW-BWC-55

————————————————

Before JILL PRYOR, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Adam H. Smith appeals his 48-month sentence for conspiracy to possess with intent to distribute and to distribute fentanyl.

Smith and the government entered into a negotiated plea agreement. After a plea colloquy, the district court accepted Smith's guilty plea. His plea agreement stated that the government and the defendant agreed that a "specific sentence not to exceed forty-eight (48) months would be appropriate in this case." At sentencing, the district court imposed a 48-month prison term, followed by the mandatory minimum three years of supervised release required by 21 U.S.C. § 841(b)(1)(C). At the sentencing, Smith did not object to the three years of supervised release in his sentence or contend that the district court breached the plea agreement.

For the first time on appeal, Smith argues that the district court plainly erred when it imposed a 48-month prison term plus the mandatory minimum 36-month term of supervised release. Smith claims the plea agreement mandated a total sentence of 48 months, split as 36 months of supervised release and only 12 months in prison. After careful review of the record and the parties' briefs, we disagree and conclude that Smith has not shown the district court plainly erred when it sentenced him to 48 months

of imprisonment followed by three years of supervised release and affirm Smith's sentence.

## I.  BACKGROUND

### A.  Indictment and Plea Agreement

In a multi-defendant indictment, Smith was charged with one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, a detectable amount of fentanyl and heroin, and a quantity of alprazolam, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2.

Pursuant to his negotiated plea agreement, Smith agreed to plead guilty to the lesser included offense of conspiracy to possess with intent to distribute and to distribute a quantity of fentanyl. The plea agreement listed the maximum possible sentence, as follows:

> Defendant's guilty plea will subject the Defendant to the following maximum possible sentence:
>
> -Not more than 20 years of imprisonment;
> -Not less than 3 years of supervised release, not more than life;
> -Not more than a $1,000,000 fine; and
> -$100 mandatory special assessment.

The plea agreement also contained a provision entitled "Agreed Sentence," which stated:

> The government and the defendant agree that a specific sentence not to exceed forty-eight (48)

months would be appropriate in this case. Consequently, this plea agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

The plea agreement did not separately specify an agreed-upon term of supervised release.

## B.    Plea Hearing

At Smith's plea hearing, the district court, *inter alia*, reviewed the maximum possible penalties for his offense under his plea agreement as "not more than 20 years, a fine of not more than a million dollars, supervised release of at least three years and a $100.00 special assessment." Smith responded that he understood.

The district court also addressed the agreement about the 48-month sentence. The district court explained that because the agreement was subject to Rule 11(c)(1)(C), if the court accepted the agreement, it would "not sentence [Smith] to more than 48 months *in prison*." (Emphasis added.) The district court continued that the prison term "could be less than that" based on the factors that the court had previously detailed, but it would "not be more than 48 months" to which Smith indicated he understood and had no questions.

The district court also explained supervised release to Smith, stating that once Smith is released from prison, he would be subject to "rules" that the court set forth and could go back to prison if he did not follow those rules. Again Smith indicated he understood.

At this plea time, Smith made no claim that the 48 months in his plea agreement meant, and limited his sentence to, three years of supervised release and only 12 months of imprisonment.

Ultimately, the district court found that Smith's guilty plea was knowing and voluntary and accepted the plea agreement.

## C.    Presentence Investigation Report

The presentence investigation report ("PSI") recommended an advisory guidelines range of 57 to 71 months. Relevant to this appeal, the PSI noted that "the plea agreement contains an agreement between the Government and the defendant that a sentence of 48 months *of imprisonment* is appropriate in this case." (Emphasis added.)

The PSI also noted that pursuant to 21 U.S.C. § 841(b)(1)(C), the district court was required to impose a three-year term of supervised release.

Smith raised several objections to the PSI, but he did *not* object to the PSI's description of his plea agreement as an agreement to a 48-month prison term, separate from the mandatory minimum three-year supervised release term. Smith also submitted a sentencing memorandum that requested that the district court "sentence him to a period of incarceration within the range of 24-30 months."

The probation officer subsequently prepared a sentencing recommendation that "Smith be sentenced to 48 months of imprisonment," as "consistent with the Rule 11(c)(1)(C) plea

6                    Opinion of the Court              24-10044

agreement" and that after his release from confinement, Smith "be placed on supervised release for three years."

## D.    Sentencing

At his sentencing hearing, Smith reasserted his objections to the PSI, but he raised no objection to the probation officer's recommendation of a 48-month prison term and three years of supervised release.

After sustaining one of Smith's guidelines objections, the district court found that the "advisory guideline range *for imprisonment* [wa]s 41 to 51 months of imprisonment, [followed by] 3 years of supervised release. (Emphasis added.) Noting the 48-month "cap on the sentence" in the plea agreement, Smith asked for a sentence of "24 to 30 months," consistent with his sentencing memorandum. The government asked for a prison sentence of 48 months.

The district court pointed out that it had "accepted the [Rule] 11(c)(1)(C) plea agreement" and "agreed to sentence Mr. Smith to no more than 48 months." The district court then imposed a 48-month term of imprisonment, finding it was "within the confines of the [Rule] 11(c)(1)(C) agreement that [it] accepted."

The district court also imposed the mandatory minimum term of "supervised release for a period of 3 years once he's released from this term of prison," which is required by 21 U.S.C. § 841(b)(1)(C). The district court also imposed a $100 special assessment but found Smith did not have the ability to pay a fine.

After pronouncing the sentence, the district court asked Smith if he had any objections to the court's findings of fact or conclusions of law or the manner in which the sentence was imposed. Smith indicated that he did not have any objections to his sentence as imposed.

## II.  STANDARD OF REVIEW

We generally construe a plea agreement *de novo* and review the district court's factual findings regarding the scope of the agreement for clear error. *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008).[1]

However, our review here is for plain error because the alleged Rule 11 error was not objected to in the district court. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003). Establishing plain error requires showing (1) an error (2) that was plain, (3) affected one's substantial rights, and (4) seriously affected the fairness of the judicial proceedings. *Id.*

## III.  DISCUSSION

### A.    General Principles

Rule 11(c)(1)(C) permits the defendant and the government to enter a plea agreement that provides that "the government will

---

[1] We deny the government's request to dismiss Smith's appeal based on the direct-appeal waiver in his plea agreement. Because Smith claims a breach of the plea agreement that purports to bar his appeal, the appeal waiver does not preclude appellate review. *See United States v. Tripodis,* 94 F.4th 1257, 1261 n.2 (11th Cir. 2024).

agree that a specific sentence . . . is the appropriate disposition of the case. Fed. R. Crim. P. 11(c)(1)(C). A district court presented with a plea agreement pursuant to Rule 11(c)(1)(C) may either accept or reject it. Fed. R. Crim P. 11(c)(3)(A). If the district court accepts the plea agreement, it is bound by the agreed-upon sentence. Fed. R. Crim. P. 11(c)(4).

In determining the scope of the agreement, we apply an objective standard, asking whether the breaching party's actions "were inconsistent with what the defendant reasonably understood when he entered his guilty plea." *Al-Arian*, 514 F.3d at 1191. "In interpreting a plea agreement, we do not accept a hyper-technical reading of the written agreement or a rigidly literal approach to the construction of the language." *United States v. Copeland*, 381 F.3d 1101, 1106 (11th Cir. 2004) (quotation marks omitted).

For plain error review of an alleged breach, "the 'error must be clear or obvious, rather than subject to reasonable dispute.'" *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). "In the context of plea agreement breaches, the Supreme Court has advised that '[n]ot all breaches will be clear or obvious,' such as when the drafting of an agreement leaves the scope of the government's commitments open to doubt." *Id.* (quoting *Puckett*, 556 U.S. at 143) (alteration in original).

## B.    Smith's Claim on Appeal

For the first time on appeal, Smith claims that: (1) under his plea agreement, the district court could not impose more than a 48-month *total* sentence; (2) there is a mandatory three-year supervised release requirement in § 841(b)(1)(C) for his drug conviction; and (3) thus the district court was required to impose only a 12-month prison sentence, followed by 36 months of supervised release, for a *total* 48-month sentence.  Smith asks this Court to: (1) vacate his sentence of 48 months' imprisonment and three years' supervised release as a breach of the plea agreement; (2) remand for specific performance of the plea agreement; and (3) require the district court to sentence him to only 12 months' imprisonment followed by the mandatory minimum three years' supervised release.

After review, we conclude that Smith has not carried his burden to show plain error in the district court's imposition of a 48-month sentence of imprisonment followed by three years of supervised release.  First, Smith's alleged understanding of the plea agreement is belied by the terms of his plea agreement and his affirmations at the Rule 11 plea colloquy.  For starters, there was no promise in the plea agreement that the 48-month sentence would be split between incarceration and supervised release.  It was never agreed upon at all, let alone with any specificity.  Smith concedes that he "only agreed to a specific sentence not to exceed 48 months" and that "[n]o additional consideration was given within the agreement as to how the sentence would be imposed or split between incarceration and supervised release."

Further, there was an integration clause in Smith's plea agreement, providing that it reflected all of the promises and agreements between Smith and the government. *See Al-Arian*, 514 F.3d at 1192-93. The plea agreement clearly contained no promise from the government to recommend a split sentence consisting of a minimum of three years of supervised release and a maximum of 12 months of imprisonment. Concomitantly, the district court was not bound to impose such a split.

Second, we reject Smith's claim that the term "specific sentence not to exceed 48 months" necessarily meant that the district court was required to split the 48 months into the mandatory 36 months of supervised release, leaving only a maximum 12-month prison sentence. Nothing in those terms specified such a split sentence.

Third, Smith's plea colloquy also refutes Smith's claim that he allegedly understood the 48 months sentence term to encompass a split sentence of 36 months of supervised release and only 12 months of imprisonment.

At the plea hearing, the district court explained to Smith that: (1) because the agreement was subject to Rule 11(c)(1)(C), it "would not sentence [Smith] to more than 48 months *in prison*"; and (2) *after* Smith was released *from prison*, he would be subject to a supervised release term of at least three years. (Emphasis added.) In response to the district court's statements, Smith did not object, but rather agreed. Given this exchange, Smith could not have reasonably understood at the time of his plea that the binding plea

agreement barred the district court from imposing a prison term of more than 12 months (as he now claims on appeal) because 36 months of the "sentence" contemplated by the agreement was the mandatory minimum three-year term of supervised release. *See id.* at 1191.

Further evidence at sentencing confirms that Smith understood the term "specific sentence not to exceed 48 months" in the plea agreement to refer only to the prison sentence imposed. For example, Smith did not object to the PSI, which stated that the binding plea agreement was for "a sentence of 48 months of imprisonment." Additionally, Smith's sentencing memorandum specifically requested 24 to 30 months "of incarceration," which would not have been possible if, as he now contends, the word "sentence" as used in this binding plea agreement included the mandatory minimum three-year supervised release term.

Finally, at the sentencing hearing, Smith did not raise any objection to the probation officer's recommendation of a 48-month prison sentence, followed by three years of supervised release, much less argue that the district would breach the binding plea agreement by following that recommendation. Instead, Smith acknowledged the binding plea agreement "not to exceed 48 months" and reiterated his "request from [his] sentencing memorandum for 24 to 30 months," which was a request for a term of incarceration.

We recognize that the government cites our recent decision in *United States v. Tripodis*, in which the defendant challenged his

12                    Opinion of the Court                    24-10044

sentence on similar grounds and this Court affirmed the sentence. 94 F.4th 1257, 1263 (11th Cir. 2024) (concluding the district court did not breach a binding plea agreement by imposing a term of supervised release in addition to a 60-month prison sentence). Certain facts in *Tripodis* are different, including that the defendant argued at sentencing that the supervised-release term breached the plea agreement.  *Id.* at 1260-61.  We need not address *Tripodis* because it applied *de novo* review, whereas our review is for plain error only.  And *Tripodis* does not suggest the district court here plainly erred.

In any event, we need not decide whether the district court's sentence breached the binding plea agreement because any alleged error was not plain.  Given the terms of the plea agreement and the specific factual circumstances discussed above, we cannot say that the district court's alleged breach was "clear or obvious, rather than subject to reasonable dispute," which is required to prevail on plain-error review.  *See Puckett*, 556 U.S. at 135; *Sosa*, 782 F.3d at 637.  Because the district court did not plainly breach the plea agreement, we affirm Smith's sentence of 48 months of imprisonment followed by three years of supervised release.[2]

**AFFIRMED.**

---

[2] To the extent Smith also raises a claim of ineffective assistance of counsel, we decline to address it on direct appeal because the record is not sufficiently developed.  *See United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013).